BRANT DANIEL  J-85968
P.O. Box 290066
Represa, CA.  95671
   STRH #174

[ **FILED** ]

MAR 0 1 2023

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
              DEPUTY CLERK

THE UNITED STAES DISTRICT COURT

OF THE EASTERN DISTRICT OF CALIFORNIA

BRANT DANIEL,
        PLAINTIFF,

   V.

① JEFFERY LYNCH,
WARDEN AT CSP SAC
② ISU: S. RAMIREZ,
③ ISU: K. LEE,
④ officer DESIMINE,
        DEFENDANTS,

CASE # 2:23CV0384 AC
(PC)

FIRST AMENDED
COMPLAINT AND
DEMAND FOR JURY
TRIAL.

___INTRODUCTION___

① PLAINTIFF BRANT DANIEL IS A FEDERAL
PRETRIAL DETAINEE INCARCERATED AT CALIF
DEPARTMENT OF CORRECTIONS AND REHABILITATIONS
CSP SACRAMENTO (CSP SAC) PRISON ON A U.S.
MARSHEL CONTRACT.

② ON JULY 8, 2019 PLAINTIFF WAS TRANSFERED
FROM CORCORAN STATE PRISON TO CSP—SAC TO FACE
FEDERAL RICO CHARGES CASE #2:19-CR-00107-KJM

①

③ Upon plaintiff's arrival to ESP-SAC He was placed in Solitary Confinement "Short Term Restricted Housing" (STRH) unit cell #197. ON CONVICTED STATE STATUS YET WAS/IS A PRETRIAL FED. PRISONER.

④ Plaintiff remained housed in STRH # 197 until OCT 7, 2020 when he was framed on a new CDCR Rule violation 115, and a weapon was planted in his cell # 197.

⑤ ON OCT 10, 2020 Plaintiff was sent to an outside Hospital, "SAN Joaquinn Hospital" for Major spine Surgery, where he remained for 7 days and was returned back to his cell # 197 in STRH.

⑥ On OCT 13, 2020 plaintiff was rushed back out to SanJoaquinn Hospital due to an emergancy and blood clots, where he stayed until OCT 26, 2020.

⑦ Upon Plaintiff's return back to "CSP SAC" "STRH" unit, He was told he no longer lives in STRH and he was move to the A1 "psychaitric Service Unit", (PSU) which is reserved for the "severe Mentally ill inmates." Plaintiff was NOT Mental health and has never been. He let staff know this was illegally done only to retaliate against him, as a PRETRIAL PRISONER)

⑧ Upon Plaintiff's arrival into the A1 PSU unit he demand to speak to his Federal RICO case Lawyers, and the Captain or whoever ordered his move to psu for which he's NOT qualified to be in.

②

(9) Plaintiff filed numerous 602 Inmate Appeals, and took issue with this due to his two major operations and being thrown into a PSU unit for CDCR's most severe cases of mental illnesses. All fell on deaf ears. (See Exhibit A, B, C)

(10) In Jan 2021, Plaintiffs Fed. RICO case attorneys filed on this torture and abuse of him to the Chief Judge Kimberly Mueller. Once filed motions the media got ahold of it and many articles were done on this issue.

(11) On April 27, 2021, finally plaintiff was moved back into his prior unit "STRH" again, after he spent 6 long torturous months in PSU with the craziest of Inmates kicking and banging cell doors 24-7, throwing urine & feces all over their cells the unit, etc. constantly torturing plaintiff post-opperation.

(12) Plaintiff was harrassed, threatend and told that if he don't confess to his RICO case or his attorneys don't win transfer motions he'll never get out of PSU unit and it'll all get 10x worser for him, by c/o Desimoine on March 21, 2021 for No reason at all. (See EXhibit D)

(13) ISU: Ramirez planted the weapon in plaintiff's cell, and falsifed a 115 for Conspire to kill an officer, on Oct 7, 2020. This led up to plaintiff being moved, punished and tortured for 6 mos of PSU insanity unit. (SEE EXhibit E)

(14) CDCR does not put normal gen.pop prisoners any where around such "PSU mental" housing to live in for 6 months.

(15) On Aug 12, 2022, Plaintiff flat out was vendicated at his 115 hearing for this falsified 115 and He was found "NOT GUILTY !! " An all out CDCR aquital. But yet the plaintiff was punished & tortured — harrassed for 6 long months all for Nothing. Plaintiff is and was NOT Guilty !

(16) Plaintiff is facing the most harshest penalty in the land and is facing "Federal Death Penalty" as he's going through all of this inhame and corrupt ACTS done up on plaintiff.

(17) This was a planned retaliatory corrupt action by prison management and Isu in order to inflict as much distress on plaintiff as possible in order to pressure him within his RICO case, and done to him due to retaliation because plaintiff was a Hunger Striker at Pelican Bay State Prison SHU 2011 – 13.

(18) Plaintiff determined that it is by CDCR, "PSU Requirements And policies he should've never been placed in that cell block due to the FACT that He's never had any mental health disorders ever. And left there for 6 months long.

(19) Plaintiff is challenging the constitutionality of this retaliatory placement in a PSU cell block restricted for the most severe mentally ill Prisoners. →

— who cannot function in a normal prison like setting and who cannot function anywhere in CDCR other than PSU; And plaintiff is challenging the procedures that allowed a corrupt action by a rogue group of officers to plant a weapon in his cell, punish a pretrial prisoner for it, abuse and torture him via PSU housing for 6 months, and after all said and done the Plaintiff was found Not Guilty.

(20) All this done to the plaintiff even after it was revealled by "Whistle Blower" Kevin Steele that rogue cops at CSP SAC were setting up inmates, planting weapons and drugs in their cells and falsifying reports, write-up 115, confidential memos etc. Nobody at the prison did anything to try to help me from Warden Jeff Lynch on down.

(21) Finally after 2.5 yrs and several attempts to clear my name, and halt the retaliation I finally was vindicated and found Not Guilty. Kevin Steele had stepped forward to reveal he had first hand knowledge as I claimed since Oct 7, 2020; that IGI/ISU officers were planting weapons, drugs and falsifying 115, reports etc. Kevin Steele declared to the SAC CO. District Attorney (DA) that My 115 is bogus. He told my RICO case attorneys that my claims are true, valid, and that IGI's concerted efforts to intentionally violate my constitutional rights and use their position of trust under color of law to torture and harrass the plaintiff for their own →
"

(5)

→ purpose by retaliatory means - All is still on going by the directives of Jeff Lynch the CSP-SAC Warden.

## Jurisdiction

(22) This cause of action arises under the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983. Jurisdiction is proper pursuant to 28 U.S.C. §§ 2201 and 2202.

## Venue

(23) Venue is proper und 28 U.S.C. § 1391 (b)(2) because the events and omissions give rise to the claims occuring in this district.

## Parties

(24) Plaintiff Brant Daniel is a Pretrial Federal Det-ainee incarcerated by CDCR, CSP - SAC and is still currently housed in STRH unit solitary confinement, under No Disciplinary Actions.

(25) Defendant, Warden Jeff Lynch is still the warden at CSP-SAC and has absolute control and responsibility for all correctional officers employed at CSP - SAC, thus Defendant Lynch is responsible for the acts complained of herein, via his capacity as policy Maker. He is sued in his official capacity for in-junctive relief, and in his individual capacity for damages.
''
''

(26) Defendant S. Ramirez who was the Intellegence officer for the Investigative service unit (ISU) is being sued in his capacity as an intelligent officer with access to all parts of the prison, and access to all types of weapons, drugs and other contraband. He is being sued in his official capacity for injunctive relief, and in his individual capacity for damages.

(27) Defendant K. Lee who was the Intellegence service officer (ISU) is being sued in his capacity as an intelligent officer with access to all parts of the prison, and access to all types of weapons, drugs, and any type of contraband. He is sued in his official capacity for injunctive relief and his individual capacity for damages.

(28) Correctional officer Desimoine, who is an officer in the prison and is being sued in his capacity as an officer with access to all parts of the prison (CSP-SAC) to threaten, harass, and abuse his authority. He is sued in his official capacity for injunctive relief and his individual capacity for damages.

<u>Statement of FACTS</u>

(29) Plaintiff, Brant Daniel incorporates all facts previously and further avers as follows:

(30) On July 8, 2019 Plaintiff was transferred to CSP-SAC to began legal procedings in his Fed. Rico

1  in which he can be punished up to a death sent-
2  ence. He was placed in "Short Term Restricted Housing"
3  STRH #199.

4  (31) On Oct 7, 2020 Isu: Ramirez and Lee both
5  took part in planting a weapon in plaintiffs Mattress in
6  his cell. (See write up 115 exhibit   )

7  (32) On Oct 10, 2020 plaintiff went to San Joaquinn for
8  a major spine surgery; He returned to his cell on
9  Oct, 17, 2020. And was rushed back out to the
10 Hospital for post op problems of Blood clots.

11

12 (33) On Oct 27, 2020 upon plaintiffs return to csp
13 sAC from San Joaquinn Hospidal he was moved to A1
14 Psychiatric service unit (PSU) and remained
15 there for 6 months.

16 (34) on March 21, 2021 c/o Dasmoine (defendant)
17 Came to plaintiffs A1 assigned cell (A1 111) and
18 threatend, harrassed and told plaintiff to just
19 confess to his Rico case it'll all stop. And if his
20 Rico case attorneys didn't Whend the transfer
21 Motions it'll get 10 x worser on Plaintiff.

22 (35) On April 27, 2021 after 6 mos of Psu tort-
23 ure housing plaintiff was moved back into STRH
24 again.

25 (36) On Aug 12, 2022 Plaintiff had his disciplinary 115
26 hearing on the bogus allegations and plaintiff was
27 found Not guilty completely vendicated and
28 punished for nothing.

### Claim For Relief
#### First Claim

First Amendment Violation : Retaliation. Defendants Warden Jeff Lynch, c/o S. Ramirez, c/o K. Lee, and c/o Desimoine violated plaintiffs First Amendment Rights under the United States Constitution for retaliatory actions against plaintiff.

Supporting Facts : All the above defendants violated plaintiff's First Amendment Rights by planting an inmate Manifactured weapon in plaintiff's cell, and then placing him in a PSU restricted housing unit for 6 months for the most severly mental ill inmates, and taking other harassing measures to coerce plaintiff into confessing on plaintiff's ongoing Federal RICO case in the Eastern District.

Injury : Potential harm consistant with U.S. LAW.

MEMORANDUM Points And Authorities in Support of Claim.

#### First Claim

Plaintiff states a clear and simple claim of retaliation over a 3-5 yrs period, and to try to coerce plaintiff into false confession by removing plaintiff from the Short Term Restricted Housing (STRH) which was the proper housing as he judicates his Federal case. Defendants falsified evidence ultimately moving plaintiff to a designated housing unit for the mentally ill inmates, to —

retaliate against plaintiff over false bogus claims, which plaintiff was eventually able to prove were blatently false and fabricated, by corrupt correctional officers. This placement in the psychiatric Housing Unit (PSU) for the 6 month is a clear violation of Plaintiff's First Amendment Rights under the U.S. Constitution. SEE: DeMallory V. Cullen, 855 F. 2d 442, 444 – 46 ( 7th Cir 1988) (The allegation of a prisoner housed in a High Security unit with prisoners with mental illnesses.)

The Courts have required that the use of seclusion and restraint to legitimate Mental health purposes. See: Buckley V. Rogerson, 1133 F. 3d 1125, 1127 — 30 ( 8th Cir 1998)

However minimal may be the process due to prisoners before Segregation that process is insufficient when it has been contaminated by the introduction through state action of false evidence in itself violates Due process Clause. The Fact that Prisoners are not entitled to the full Panoply of procedural protections afforded at trial when they are subject to internal Prison Discipline does not deprive them of Fundamental Right not to have state officials make purposely False statements about them. See: Morrison V. Lefevre, 592 F. Supp. 1052, 1074 ( S.D.N.Y 1984.)

The psychiatric service Unit is Solely designated for Mentally disturbed inmates and —

Defendants placing plaintiff in this setting was "Atypical And Significant Hardship" that plaintiff suffered under, *Sandin v. Conner*, 515 U.S. 472, 484, 115 S. Ct. 2293 (1995)

## Claim II

Eighth Amendment of the U.S. Constitution Violation: The totality of conditions plaintiff suffered for six months violated his Eighth Amend. Rights to be free from cruel and unusual punishment, The Defendants clearly violated plaintiffs Eighth Amend. Rights when punishing him, and using the PSU unit to cause him harm, his health and well being to be jeopardized.

## Claim III

Fourteenth Amendment violation: Due process. Defendants violated plaintiffs Fourteenth Amendment to the U.S. Constitution by arbitrarily placing him is extreme hostile isolation for the most severe mentally Ill inmates without such diagnosis by a Lic. Psychologist as CDCR's Title 15        PSU Requirement mandates. Plaintiff has a liberty interest in that Defendants actions result in conditions of confinement that are much worse than for normal Federal pretrial Detainees.

## Exhaustion of Remedies

Plaintiff has exhausted all available remedies to the best of his abilities in CDCR [1] (See exhibits)

## Prayer For Relief

Wherefore, plaintiff prays that this Honorable Court grant the following relief:

a) Declare that the Defendants acts and omissions Violated Plaintiff's Constitutional Rights and Federal Laws;

b) Enter an injunction requiring the defendants, their agents, subordinates, employees and all others acting in concert with them to Cease their ongoing constitutional and unlawful practices and to remedy their Violations of the Constitution and the law;

c) Enter an injunction requiring defendants to restore all Rights and privileges;

d) Award plaintiff reasonable costs and fees

e) And grant the plaintiff all General pop privileges where he is housed still in STRH, and any and all such other relief as this Court may deem proper and just.

Respectfully submitted, on Feb 23rd, 2023
                    Brant Daniel
                    Brant Daniel   J85968

"EXHIBIT A"

602 APPEAL

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**Side I**

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|

53592

*FOR STAFF USE ONLY*

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, *only* one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

**Appeal is subject to rejection if one row of text per line is exceeded.**          **WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): Daniel Brant | CDC Number: J85968 | Unit/Cell Number: A1 - 111 | Assignment: NA |
|---|---|---|---|

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.): Illegal
Housing — Violation of Title 15 3004

**A. Explain your issue** (If you need more space, use Section A of the CDCR 602-A): Im being
arbitrarily punished for unproven and
unfounded accusations that haven't
been ajudicated yet! (See 602 A)

**B. Action requested** (If you need more space, use Section B of the CDCR 602-A): To be moved
out of this PSU & never be housed around
I/ms of another classification forthwith,
& to be moved back to STRH Immediately

**Supporting Documents: Refer to CCR 3084.3.**

☐ Yes, I have attached supporting documents.

List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

_____     _____
_____     _____

☒ No, I have not attached any supporting documents. Reason : _____

_____
_____

Inmate/Parolee Signature: _____  Date Submitted: 10-23-20

☐ **By placing my initials in this box, I waive my right to receive an interview.**

CSP-SAC APPEALS
OCT 29 '20 AM 10:07

---

**C. First Level - Staff Use Only**
This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☑ Cancelled (See attached letter) Date: _____
☐ Accepted at the First Level of Review.

Staff – Check One: Is CDCR 602-A Attached?   ☐ Yes   ☐ No

Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

First Level Responder: Complete a First Level response. Include interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: _____ Interview Location: _____

Your appeal issue is:  ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other: _____

See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer: _____ Title: _____ Signature: _____ Date completed: _____
(Print Name)

Reviewer: _____ Title: _____ Signature: _____
(Print Name)

Date received by AC: _____

| AC Use Only |
|---|
| Date mailed/delivered to appellant ___ / ___ / ___ |

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 2

**D. If you are dissatisfied with the First Level response,** explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response.  If you need more space, use Section D of the CDCR 602-A.

_____

_____

_____

_____

_____

Inmate/Parolee Signature: _____     Date Submitted : _____

| E.  Second Level - Staff Use Only | Staff – Check One:  Is CDCR 602-A Attached?  ☐ Yes   ☐ No |
|---|---|

This appeal has been:

☐ By-passed at Second Level of Review.  Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____   Date: _____   Date: _____   Date: _____
☐ Cancelled (See attached letter)
☐ Accepted at the Second Level of Review

Assigned to: _____  Title: _____  Date Assigned: _____  Date Due: _____

Second Level Responder:  Complete a Second Level response.  If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: _____                    Interview Location: _____

Your appeal issue is:   ☐ Granted    ☐ Granted in Part    ☐ Denied    ☐ Other: _____

See attached letter.  If dissatisfied with Second Level response, complete Section F below.

Interviewer: _____ Title: _____ Signature: _____ Date completed : _____
(Print Name)

Reviewer: _____ Title: _____ Signature: _____
(Print Name)

Date received by AC: _____

| | **AC Use Only**<br>Date mailed/delivered to appellant ____ / ____ / ____ |
|---|---|

**F.  If you are dissatisfied with the Second Level response,** explain reason below; attach supporting documents and submit by mail for Third Level Review.  It must be received within 30 calendar days of receipt of prior response.  Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001.  If you need more space, use Section F of the CDCR 602-A.

_____

_____

_____

_____

Inmate/Parolee Signature: _____     Date Submitted: _____

**G.  Third Level - Staff Use Only**

This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____   Date: _____   Date: _____   Date: _____   Date: _____
☐ Cancelled (See attached letter)   Date: _____
☐ Accepted at the Third Level of Review.  Your appeal issue is ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____
        See attached Third Level response.

| | **Third Level Use Only**<br>Date mailed/delivered to appellant ____ / ____ / ____ |
|---|---|

**H.  Request to Withdraw Appeal:**  I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

_____

_____

_____

_____

Inmate/Parolee Signature: _____     Date: _____

Print Staff Name: _____  Title: _____  Signature: _____  Date: _____

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| | IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|---|
| | | | | 53592 |
| | | | FOR STAFF USE ONLY | |

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.
Appeal is subject to rejection if one row of text per line is exceeded.   WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First) Daniel, Brant | CDC Number J85962 | Unit/Cell Number A1-111 | Assignment |
|---|---|---|---|

A. Continuation of CDCR 602, Section A only (Explain your issue): On 10-26-20 I
was arbitrarily moved to A1 EOP
PSU & Im Not Mental health at all!
① You violate my Due process Rights.
② You violate the Title 15 3004.
③ You violate the 8th AMEND of
the U.S. Constitution. This is pure
retaliation for charges that are unproven
& unadjudicated. I have the right to
be treated fairly & equally as other
GP Adseg I/m's! Im not EOP PSU
or any other Mental health letters.
This demonstrates a level of corruption
here in SAC4 & will be fully exposed
via the 115 process and to the US
Marshalls & FEDS! All I ask is to
be treated fairly - equally and for
your staff to cease talking Confidential
Info in my Rico to other I/m's! (See action)

Inmate/Parolee Signature: Brant Daniel      Date Submitted: 10-28-20

B. Continuation of CDCR 602, Section B only (Action requested): _____

Inmate/Parolee Signature: _____      Date Submitted: _____

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 2

D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response): _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

Inmate/Parolee Signature: _____   Date Submitted: _____

F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response): _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

Inmate/Parolee Signature: _____   Date Submitted: _____

3. Repealer and new section filed 6-1-2015 as an emergency; operative 6-1-2015 (Register 2015, No. 23). Pursuant to Penal Code section 5058.0, a Certificate of Compliance must be transmitted to OAL by 11-9-2015 or emergency language will be repealed by operation of law on the following day.

4. Certificate of Compliance as to 6-1-2015 order transmitted to OAL 10-19-2015 and filed 12-3-2015 (Register 2015, No. 49).

5. Amendment of subsections (a)-(c) and new subsection (e) filed 10-9-2017 as an emergency; operative 10-9-2017 (Register 2017, No. 41). Pursuant to Penal Code section 5058.3, a Certificate of Compliance must be transmitted to OAL by 3-19-2018 or emergency language will be repealed by operation of law on the following day.

6. Amendment of subsections (a)-(c) and new subsection (e) refiled 3-5-2018 as an emergency; operative 3-19-2018 (Register 2018, No. 10). Pursuant to Penal Code section 5058.3, a Certificate of Compliance must be transmitted to OAL by 8-27-2018 or emergency language will be repealed by operation of law on the following day.

7. Certificate of Compliance as to 3-5-2018 order transmitted to OAL 8-21-2018 and filed 10-3-2018 (Register 2018, No. 40).

**3341.1.   Protective Housing Unit.**

Protective Housing Unit (PHU). A PHU houses inmates whose safety would be endangered by general population inmates and provides secure housing and care for inmates with safety concerns of such magnitude, that no other viable housing options are available.

(a) An inmate may be placed in PHU in accordance with the following criteria:

(1) The inmate does not require segregated housing placement for reasons other than protection.

(2) The inmate is not documented as an affiliate of an STG-I.

(3) A classification committee has determined that the inmate does not pose a threat to the safety or security of other inmates similarly housed in the PHU.

(4) The inmate has specific, documented and verified safety and/or enemy concerns, likely to and capable of causing the inmate great bodily injury if placed in the general population.

(5) The inmate has notoriety likely to result in great bodily injury to the inmate if placed in general population.

(6) There is no alternative placement available that can both ensure the inmate's safety and provide the level of custody required for the appropriate control of the inmate's movement.

(b) The inmate's uncorroborated personal report, the nature of their commitment offense or a record of prior protective custody shall not be the sole basis for protective housing unit placement.

(c) The DRB shall retain sole authority for the placement and removal of inmates from PHU.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Sections 5054 and 5068, Penal Code.

HISTORY:

1. New section filed 6-1-2015 as an emergency; operative 6-1-2015 (Register 2015, No. 23). Pursuant to Penal Code section 5058.3, a Certificate of Compliance must be transmitted to OAL by 11-9-2015 or emergency language will be repealed by operation of law on the following day.

2. Certificate of Compliance as to 6-1-2015 order transmitted to OAL 10-19-2015 and filed 12-3-2015 (Register 2015, No. 49).

**1.2.   Psychiatric Services Unit.**

Psychiatric Services Unit (PSU). A PSU provides secure housing and care for inmates with diagnosed psychiatric disorders not iring inpatient hospital care, but who require placement in ing equivalent to Security Housing Unit (SHU), as described ction 3341.3.

) An inmate shall be housed in a Psychiatric Services Unit ), if:

(1) The inmate is included in the MHSDS at the Enhanced Outpatient Program (EOP) level of care and the inmate's conduct has resulted in either a determinate SHU term, administrative SHU term or requires placement in the Security Threat Group (STG) SDP.

(2) The inmate is included in the Developmental Disability Program at DD3 and the inmate's conduct has resulted in either a determinate or administrative SHU term.

(b) Staff shall not postpone a CSR referral for any inmate requiring placement in a PSU.

(c) The CSR shall document any pending issues, such as disciplinary matters, SDP program placement, DA referrals or investigations, on the CDC Form 128-G (Rev. 10/89) identifying the sending institutions responsibility for resolving any outstanding concerns.

(d) Inmates assigned to PSU shall be classified pursuant to section 3341.8.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Sections 2933.6, 5054 and 5068, Penal Code; *Madrid v. Gomez* (N.D. Cal. 1995) 889 F.Supp. 1146, 1278; *Coleman v. Wilson* 912 F.Supp. 1282 (E.D. Cal. 1995); and *Clark v. California* 123 F.3d 1267 (9th Cir. 1997).

HISTORY:

1. New section filed 6-1-2015 as an emergency; operative 6-1-2015 (Register 2015, No. 23). Pursuant to Penal Code section 5058.3, a Certificate of Compliance must be transmitted to OAL by 11-9-2015 or emergency language will be repealed by operation of law on the following day.

2. Certificate of Compliance as to 6-1-2015 order, including amendment of subsection (c), transmitted to OAL 10-19-2015 and filed 12-3-2015; amendments effective 12-3-2015 pursuant to Government Code section 11343.4(b)(3) (Register 2015, No. 49).

3. Amendment of subsections (a)(1) and (c) filed 10-9-2017 as an emergency; operative 10-9-2017 (Register 2017, No. 41). Pursuant to Penal Code section 5058.3, a Certificate of Compliance must be transmitted to OAL by 3-19-2018 or emergency language will be repealed by operation of law on the following day.

4. Amendment of subsections (a)(1) and (c) refiled 3-5-2018 as an emergency; operative 3-19-2018 (Register 2018, No. 10). Pursuant to Penal Code section 5058.3, a Certificate of Compliance must be transmitted to OAL by 8-27-2018 or emergency language will be repealed by operation of law on the following day.

5. Certificate of Compliance as to 3-5-2018 order transmitted to OAL 8-21-2018 and filed 10-3-2018 (Register 2018, No. 40).

**3341.3.   Security Housing Unit.**

An inmate whose conduct endangers the safety of others or the security of the institution shall be housed in a Security Housing Unit (SHU) to complete an administrative SHU term or for a determinate period of time, if found guilty for serious misconduct pursuant to section 3341.9(c). CDCR staff shall not place inmates into a SHU, Administrative Segregation Unit, or the SDP solely on the basis of their validation status.

(a) CDCR shall not house any inmate within the SHU at Pelican Bay State Prison (PBSP) for more than 5 continuous years. Inmates housed in the PBSP SHU requiring continued SHU placement beyond this limitation will be transferred to another SHU facility. Inmates who have previously been housed in the PBSP SHU for 5 continuous years can only be returned to PBSP SHU if that return has been specifically approved by the DRB and at least 5 years have passed since the inmate was last housed in PBSP SHU.

Inmates may request in writing that they be housed in the PBSP SHU in lieu of another SHU location, but such a request must be reviewed and approved by the DRB. An inmate's request to remain housed in the PBSP SHU shall be documented by the ICC in the CDC Form 128-G, (Rev. 10/89) Classification Chrono, which is incorporated by reference, at each scheduled ICC review.

(b) A break in continual restrictive housing is defined as the inmate being released from the SHU, received in non-restricted

DEPARTMENT OF CORRECTIONS AND REHABILITATION

§ 3341.3

housing at the assigned institution/facility and has attended his Initial Classification Committee. In addition, when an inmate is paroled, discharged or otherwise out of CDCR custody, that time shall be considered a break in continual restrictive housing.

(c) Placement in SHU shall be based on the following criteria:

(1) Administrative SHU as defined in Section 3000. An inmate in the following circumstances may be assessed an administrative SHU term by the DRB when the DRB articulates a substantial justification for the need for SHU placement due to the inmate's on-going threat to safety and security of the institution and/or others, and the inmate cannot be housed in a less restrictive environment and:

(A) Upon completion of a determinate SHU term, the DRB determines the inmate's case factors are such that overwhelming evidence exists supporting an immediate threat to the security of the institution or the safety of others.

(B) The inmate who has a substantial disciplinary history consisting of no less than three SHU terms within the past five years and substantial justification for the need for continued SHU placement due to the inmate's on-going threat to safety and security of the institution and/or others, and the inmate cannot be housed in less restrictive housing.

(C) The inmate who is currently serving an administrative SHU term and continued retention is required because 1) the inmate's case factors are such that overwhelming evidence exists supporting an immediate threat to the security of the institution or safety of others; or 2) the inmate has a substantial disciplinary history consisting of no less than three SHU terms within the past five years.

(2) Determinate SHU. An inmate shall be assessed a determinate SHU term when the inmate is found guilty of a Rules Violation Report for an offense specifically listed in subsection 3341.9(e) and ICC has determined the inmate presents a threat to the security of the institution and/or the safety of others.

(A) A determinate SHU term shall be computed using the SHU Term Assessment Chart, pursuant to subsection 3341.9(e), utilizing the SHU Term Assessment Worksheet. All determinate SHU terms shall be assessed at the expected term for the offense, in the absence of mitigating or aggravating factors, as listed in subsections 3341.9(b) & (c).

(B) The SHU term effective date shall be the date of placement in administrative segregation or upon the date of discovery of the information leading to the disciplinary charge, whichever occurs first.

(C) Inmates shall be assessed a determinate SHU term for serious misconduct occurring while on administrative SHU status provided the inmate is found guilty of an offense listed in subsection 3341.9(e). The administrative SHU status shall run concurrently to any/all assessed Determinate SHU terms, whether active or suspended, and upon the MERD the administrative status will continue.

(D) Only rule violations occurring within the past 5 years on an inmate's current CDCR number which warrant a SHU assessment shall be addressed by ICC and reviewed by the CSR. ICC shall assess the appropriate SHU term per 3341.9(e) and one of the following actions:

1. Impose/Re-impose
2. Impose/Re-impose and Suspend
3. Impose/Re-impose and Suspend in Entirety
4. Commute

Re-imposed SHU terms shall be addressed in accordance with section 3341.6.

(3) SDP in SHU

(A) The inmate is a validated STG affiliate and placed in the SDP by ICC or DRB in accordance with the following:

1. STG-I Member, Associate, or Drop-out: the validated affiliate, being found guilty of STG related behavior, as identified in section 3378.4(a), STG Disciplinary Matrix and which is also identified in section 3341.9(e) SHU Term Assessment Chart, within the preceding two (2) years. For the Drop-out affiliate, the behavior must identify the inmate is a STG member or associate of the same STG with which the inmate was previously validated.

2. STG-II Member, Associate, or Drop-out: the validated affiliate being found guilty of two serious STG related rules violation reports as listed in section 3378.4(a) STG Disciplinary Matrix and which are also identified in section 3341.9(e) SHU Term Assessment Chart within the preceding four (4) years, and upon completion of the most recent expired MERD. For the Drop-out affiliate, the behavior must identify the inmate is a STG member or associate of the same STG with which the inmate was previously validated.

(d) SHU terms shall be served in a departmentally approved SHU, or a facility specifically designated for that purpose, except under those circumstances where the term may be served in ASU or PSU. SHU terms may also be served in secure inpatient medical or mental health settings, when deemed clinically necessary. Inmates who are serving a SHU term in ASU shall be reviewed by a classification committee pursuant to section 3341.8.

(e) SHU classification decisions, including notification of the reasons for a classification hearing, SHU term assessment, housing restrictions, and yard assignment shall be documented on the CDC Form 128-G (Rev. 10/89), Classification Chrono, with a copy provided to the inmate.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Sections 2933.6, 5054 and 5068, Penal Code; *Sandin v. Connor* (1995) 515 U.S. 472; *Madrid v. Gomez* (N.D. Cal. 1995) 889 F.Supp. 1146; *Toussaint v. McCarthy* (9th Cir. 1990) 926 F.2d 800; *Toussaint v. Yockey* (9th Cir. 1984) 722 F.2d 1490; and *Castillo v. Alameida*, et al., (N.D. Cal., No. C94-2847).

HISTORY:
1. New section filed 6-1-2015 as an emergency; operative 6-1-2015 (Register 2015, No. 23). Pursuant to Penal Code section 5058.3, a Certificate of Compliance must be transmitted to OAL by 11-9-2015 or emergency language will be repealed by operation of law on the following day.
2. Certificate of Compliance as to 6-1-2015 order, including amendment of subsections (a)(2) and (c), transmitted to OAL 10-19-2015 and filed 12-3-2015; amendments effective 12-3-2015 pursuant to Government Code section 11343.4(b)(3) (Register 2015, No. 49).
3. Amendment of subsection (a)(2) filed 6-2-2016 as an emergency; operative 6-2-2016 (Register 2016, No. 23). Pursuant to Penal Code section 5058.3, a Certificate of Compliance must be transmitted to OAL by 11-9-2016 or emergency language will be repealed by operation of law on the following day.
4. Certificate of Compliance as to 6-2-2016 order transmitted to OAL 11-7-2016 and filed 12-22-2016 (Register 2016, No. 52).
5. Amendment filed 10-9-2017 as an emergency; operative 10-9-2017 (Register 2017, No. 41). Pursuant to Penal Code section 5058.3, a Certificate of Compliance must be transmitted to OAL by 3-19-2018 or emergency language will be repealed by operation of law on the following day.
6. Amendment refiled 3-5-2018 as an emergency; operative 3-19-2018 (Register 2018, No. 10). Pursuant to Penal Code section 5058.3, a Certificate of Compliance must be transmitted to OAL by 8-27-2018 or emergency language will be repealed by operation of law on the following day.
7. Certificate of Compliance as to 3-5-2018 order, including amendment of subsections (c)(1)-(c)(1)(C) and repealer of subsections (c)(1)(D), transmitted to OAL 8-21-2018 and filed 10-3-2018 pursuant to Government amendments effective 10-3-2018 pursuant to Government section 11343.4(b)(3) (Register 2018, No. 40).



**CALIFORNIA DEPARTMENT of**
**Corrections and Rehabilitation**

# CLAIMANT GRIEVANCE CLAIMS DECISION RESPONSE

**Re:** Grievance Claims Decision Response

| | |
|---|---|
| **Offender Name:** DANIEL, BRANT QUENTIN | **Date:** 12/11/2020 |
| **CDC#:** J85968 | |
| **Current Location:** SAC-Facility A | **Current Area/Bed:** A  001 1 - 011001L |

**Log #:**  000000053592

**Claim #: 001**

**Institution/Parole Region of Origin:** California State Prison, Sacramento          **Facility/Parole District of Origin:** SAC-Facility A
**Housing Area/Parole Unit of Origin:**
**Category:**  Offender Classification                          **Sub-Category:**  Housing Assignments

### I. CLAIM

The claimant alleges he is being housed inappropriately. He states he has not been found guilty of charges and should not be housed inappropriately.

### II. RULES AND REFERENCES

#### A. CONTROLLING AUTHORITY

CCR, Title 15, Section 3335: Administrative Segregation CCR, Title 15, Section 3343: Conditions of Segregated HousingCCR, Title 15, Section 3338: Amendment to Reasons for SegregationCCR, Title 15, Section 3341.2: Psychiatric Services Unit

#### B. DOCUMENTS CONSIDERED

The ASU placement notice dated 08/23/20 &amp; 10/08/20RVR log # 7036716Institution Classification Committee (ICC) on October 13, 2020The Offender Grievance # 000000053592

### III. REASONING AND DECISION

A review of the claimants prior history indicated he was previously housed in the Short Term Restricted Hosuing (STRH) unit of ASU.  His current housing in A-Facility 1-block is a designated as a Psychiatric Services Unit (PSU), which does not exclude the housing of inmates at the maximum custody level not included in the Mental Health Services Delivery System (MHSDS).Institution Classification Committee (ICC) on October 13, 2020 provided the following information to the appellant: "A new Administrative Segregation Unit (ASU) Placement Notice is being issued to you to clarify your reason for ASU placement. On October 7, 2020, confidential information was received indicating you are plotting to murder a Correctional Officer. Specifically, you are planning to use an inmate manufactured weapon to assault/murder a Correctional Officer within the first year of CDCR incarceration. Mitigated 1 - month. Correctional Officer. You will be issued a Rules Violation Report (RVR) for Conspiracy to Murder a Peace Officer, and if found guilty you will be assessed a Security Housing Unit term. For this reason, you will remain in the STRH. You will be seen by ICC within 10 days for appropriate program and housing considerations.Institution Classification Committee ICC on October 13, 2020 acted to retain the claimant in the ASU pending adjudication of RVR Log#: 7036716, dated October 7, 2020 for Conspire -Murder. If guilty, projected Minimum Eligible Release Date MERD of March 10, 2023 is noted based on Mitigating factor(s): The inmate has no serious RVR's within 12 months of the behavior or no disciplinary history during the first year of CDCR incarceration. Mitigated 1 - month. Aggravating factor (s): The inmate has been involved in prior serious misconduct of the same or similar nature, as listed in subsection 3341.9(e), within the last five calendar years, per RVR dated 3/6/2017 for Conspire - Murder. Aggravated 12 - months. ICC notes, equal weight was not distributed to the inmate's mitigating and aggravating factors. ICC determined S's prior history of committing similar acts is of significant enough nature to warrant a more significant aggravation of the SHU term (12 Months), as it reflects a dangerous pattern of violence"The reviewer could find no substantiation of the claimant's allegations staff members acted outside of policy. The claimant was moved from the STRH to the only other appropriate Max custody housing unit at SAC based on the direct threat to STRH staff mentioned above.   The inquiry is complete, and staff were not in violation of CDCR policy. The claimant's request to have this incident investigated was granted.  Based on the evidence discovered during this review, the claim of being housed inappropriately is

being disapproved.

**Decision: Disapproved**

After a thorough review of all documents and evidence presented at the Office of Grievances Level, it is the order of the Office of Grievance to DISAPPROVE the claim.

If you are dissatisfied with the decision of this claim, you may file a 602-2, appeal with the California Department of Corrections and Rehabilitation Office of Appeals.

| J. Stewart [STJO012] | CDW (A) | 12/10/2020 |

STATE OF CALIFORNIA
**APPEAL OF GRIEVANCE**
CDCR 602-2 (03/20)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 1 of 2

| **STAFF USE ONLY** | Appeal #: | Date Received: |
|---|---|---|
| | Date Due: | |
| | Categories: | |
| | Grievance #: S3592 | |

Claimant Name: __Daniel__ , __B__   CDCR #: __J 85968__

Current Housing/Parole Unit: __A 1 — 111__   Institution/Facility/Parole Region: __SAC 4__

REC BY OOA

DEC 21 2020

☐ There are no claims that can be appealed.

☐ The following claims cannot be appealed:

Claim #s:
__Violations of Title 15 3341.2, 3044, 8th & 14 AMEND__
__of the US. Constitution.__

*This is the process to appeal the decision made regarding a claim that is not listed above.*

Claim #: _____

Explain the reason for your appeal of any claims not listed above. Be as specific as you can.

I am dissatisfied with the response I was given because __This decision I am totally__
__dissatisfied with! Title 15 3341.2 lays out the__
__PSU Criteria and I do NOT meet said criteria, ege__
__I am in fact excluded from this PSU Housing! SACY__
__is using this PSU housing as Torture & retaliation for the__
__US mentioned! SACY Cannot house me appropiately per my__
__Classification & legally put Title 15 & by law they need__
__to tell the Marshells to get me out of here! This gies to__
__show corruption at its highest level! You violate my due__
__Process, Title 15 3341.2 & 3044, 8th + 14th Amend.__

Are there documents that would be helpful to support your position? Attach copies of those documents, if you don't have
the documents, identify them as best you can below: __" see title Pg. "3341.2" herein Attached"__

_____

_____

_____

_____

STATE OF CALIFORNIA
**APPEAL OF GRIEVANCE**
CDCR 602-2 (03/20)

DEPARTMENT OF CORRECTIONS AND REHABILITATIO

Page 2 of

Claim #: Title 15  334.2  violation  3004  too

Explain the reason for your appeal. Be as specific as you can.

I am dissatisfied with the response I was given because I should not be forced to
be housed in a PSU unit because SAC 4 doesn't have
the appropiate housing for me. This is being used
as retaliation of torture and shows how corrupt
SAC 4 & CDCr is!

Are there documents that would be helpful to support your position? Attach copies of those documents, if you don't have
the documents, identify them as best you can below:

Reminder: Please attach all documents in your possession that support your claim(s).

Please note that this form and supporting documents will not be returned to you.

Claimant Signature: Brut Daniel

Date Signed: 12-16-20

MAIL TO:
Office of Appeals
Department of Corrections and Rehabilitation
P.O. Box 942883
Sacramento, CA 95811



## CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT

**Offender Name:** DANIEL, BRANT Q.                                    **CDC#:** J85968

**Date:** 10/29/2020

**Current Location:** SAC-Facility A                      **Current Area/Bed:** A 001 1011001L

**From:** Office of Grievances at California State Prison, Sacramento

**Re:** Log # 000000053592

The California Department of Corrections and Rehabilitation Office of Grievances at California State Prison, Sacramento received your grievance on 10/29/2020. Your grievance has been assigned for review and response.

Pursuant to California Code of Regulations, title 15, the Office of Grievances will complete its review no later than 12/29/2020.

Please be informed that the Office of Grievances will not respond to any inquiries about the status of a grievance prior to the date shown above.

Once you receive a response and if you are dissatisfied with the decision(s), you may file an appeal with the California Department of Corrections and Rehabilitation Office of Appeals.

CDCR SOMS OGTT300
CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT



**CALIFORNIA DEPARTMENT of**
**Corrections and Rehabilitation**

# CLAIMANT GRIEVANCE CLAIMS DECISION RESPONSE

Re: Grievance Claims Decision Response

**Offender Name:** DANIEL, BRANT QUENTIN          **Date:** 12/11/2020
**CDC#:** J85968

**Current Location:** SAC-Facility A          **Current Area/Bed:** A  001 1 - 011001L

Log #:  000000053592

---

**Claim #: 001**

**Institution/Parole Region of Origin:** California State Prison, Sacramento          **Facility/Parole District of Origin:** SAC-Facility A
**Housing Area/Parole Unit of Origin:**
**Category:**  Offender Classification          **Sub-Category:**   Housing Assignments

## I. CLAIM

The claimant alleges he is being housed inappropriately. He states he has not been found guilty of charges and should not be housed inappropriately.

## II. RULES AND REFERENCES

### A. CONTROLLING AUTHORITY

CCR, Title 15, Section 3335: Administrative Segregation CCR, Title 15, Section 3343: Conditions of Segregated HousingCCR, Title 15, Section 3338: Amendment to Reasons for SegregationCCR, Title 15, Section 3341.2: Psychiatric Services Unit

### B. DOCUMENTS CONSIDERED

The ASU placement notice dated 08/23/20 &amp; 10/08/20RVR log # 7036716Institution Classification Committee (ICC) on October 13, 2020The Offender Grievance # 000000053592

## III. REASONING AND DECISION

A review of the claimants prior history indicated he was previously housed in the Short Term Restricted Hosuing (STRH) unit of ASU. His current housing in A-Facility 1-block is a designated as a Psychiatric Services Unit (PSU), which does not exclude the housing of inmates at the maximum custody level not included in the Mental Health Services Delivery System (MHSDS).Institution Classification Committee (ICC) on October 13, 2020 provided the following information to the appellant: "A new Administrative Segregation Unit (ASU) Placement Notice is being issued to you to clarify your reason for ASU placement. On October 7, 2020, confidential information was received indicating you are plotting to murder a Correctional Officer. Specifically, you are planning to use an inmate manufactured weapon to assault/murder a Correctional Officer within the Short Term Restricted Housing (STRH) Unit. You will be issued a Rules Violation Report (RVR) for Conspiracy to Murder a Peace Officer, and if found guilty you will be assessed a Security Housing Unit term. For this reason, you will remain in the STRH. You will be seen by ICC within 10 days for appropriate program and housing considerations.Institution Classification Committee ICC on October 13, 2020 acted to retain the claimant in the ASU pending adjudication of RVR Log#: 7036716, dated October 7, 2020 for Conspire -Murder. If guilty, projected Minimum Eligible Release Date MERD of March 10, 2023 is noted based on Mitigating factor(s): The inmate has no serious RVR's within 12 months of the behavior or no disciplinary history during the first year of CDCR incarceration. Mitigated 1 - month. Aggravating factor (s): The inmate has been involved in prior serious misconduct of the same or similar nature, as listed in subsection 3341.9(e), within the last five calendar years, per RVR dated 3/6/2017 for Conspire - Murder. Aggravated 12 - months. ICC notes, equal weight was not distributed to the inmate's mitigating and aggravating factors. ICC determined S's prior history of committing similar acts is of significant enough nature to warrant a more significant aggravation of the SHU term (12 Months), as it reflects a dangerous pattern of violence"The reviewer could find no substantiation of the claimant's allegations staff members acted outside of policy. The claimant was moved from the STRH to the only other appropriate Max custody housing unit at SAC based on the direct threat to STRH staff mentioned above.   The inquiry is complete, and staff were not in violation of CDCR policy. The claimant's request to have this incident investigated was granted. Based on the evidence discovered during this review, the claim of being housed inappropriately is

being disapproved.

**Decision: Disapproved**

After a thorough review of all documents and evidence presented at the Office of Grievances Level, it is the order of the Office of Grievance to DISAPPROVE the claim.

If you are dissatisfied with the decision of this claim, you may file a 602-2, appeal with the California Department of Corrections and Rehabilitation Office of Appeals.

| | | |
|---|---|---|
| J. Stewart [STJO012] | CDW (A) | 12/10/2020 |



CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

# CLAIMANT APPEAL CLAIMS DECISION RESPONSE

**Re:** Appeal Claims Decision Response

**Offender Name:** DANIEL, BRANT QUENTIN
**CDC#:** J85968
**Current Location:** SAC-STRH

**Date:** 04/29/2021

**Current Area/Bed:** Z 001F1 - 170001L

**Log #:** 000000053592

**Claim #  001**

**Institution/Parole Region of Origin:** California State Prison, Sacramento       **Facility/Parole District of Origin:** SAC-Facility A
**Housing Area/Parole Unit of Origin:**
**Category:** Offender Classification                **Sub-Category:**   Housing Assignments

## I. ISSUE ON APPEAL

Appellant disagrees with placement in Segregated Housing Psychiatric Services Unit.

## II. RULES AND REFERENCES

### A. CONTROLLING AUTHORITY

Title 15, sections 3000, 3001, 3335, 3337, 3380, 3484, 3486

### B. DOCUMENTS CONSIDERED

CDCR Form 602, Log #53592 and attachments; Classification Committee Chrono, dated October 28, 2020; ASU Placement Notice, dated October 8, 2020

## III. REASONING AND DECISION

Title 15, section 3335, states when an inmate's presence in an institution's General Population (GP) inclusive of the Restricted Custody General Population (RCGP) facility presents an immediate threat to the safety of the inmate or others, endangers institution security or jeopardizes the integrity of an investigation of an alleged serious misconduct, criminal activity, or the safety of any person, the inmate shall be immediately removed from the GP and placed in administrative segregation. On October 7, 2020, CSP-Sacramento State Prison received reliable confidential information per California Code of Regulations (CCR), Title 15, Section 3321 (c) (4); divulging the location of an inmate manufactured weapon located inside of the mattress of appellant's cell. Additional confidential information received that appellant, a validated Aryan Brotherhood (AB) Security Threat Group-I member, was plotting to assault/murder Correctional Officer A. Arther. On October 28, 2020, appellant appeared before California State Prison, Sacramento's Administrative Segregation Unit Institutional Classification Committee, who elected to retain appellant in Administrative Segregation Unit, which also houses Psychiatric Services Unit inmates, pending District Attorney referral. Therefore, this claim is denied.

## IV. REMEDY

Your claim has been denied. Therefore, there is no applicable remedy.

**Decision: Denied**

After a thorough review of all documents and evidence available at the time of this written decision, it is the order of the Office of Appeals that this claim is denied. This decision exhausts the administrative remedies available to the claimant within CDCR.

| H. Moseley [MOHO002] | Chief | 02/19/2021 |



Daniel J 8542
B - 2 dodge 95871
Represa, Ca.
Rt - Ill

Office of Appeals
Dept. of Corrections and rehabilitation
Po. Box 942883
Sacto, Ca. 95811

542ES-

Exhibit B

602 Appeal

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side I

| | IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|---|
| | | | 57441 | |
| | | | *FOR STAFF USE ONLY* | |

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded. **WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Daniel, Brant | J-85968 | A1 - 11C | |

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

" ICC's Corrupt actions "

**A. Explain your issue** (If you need more space, use Section A of the CDCR 602-A): ON 10-28-20
Icc acted in a Corrupt Manner & disregard for
the rule of law & disregard for the Title 15 —
3341.2 & 3024 1 (See 602-A)

**B. Action requested** (If you need more space, use Section B of the CDCR 602-A): ① To be moved
out of PSU & All Mental Health units, In NOt a
Mental Health I/m or be transferred ② To be NDS
③ To receive 10% of Icc's pay for such disregard & torture tactics !

Supporting Documents: Refer to CCR 3084.3.
☐ Yes, I have attached supporting documents.

List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

_____     _____

_____     _____

☑ No, I have not attached any supporting documents. Reason : _____
Cant get my 128 G, from Nobody!
Being tortured!

Inmate/Parolee Signature: _Brant Daniel_   Date Submitted: 11-10-20

☐ **By placing my initials in this box, I waive my right to receive an interview.**

S T A F F   U S E   O N L Y

CSP-SAC APPEALS
NOV 12 '20 AM 11:25

**C. First Level - Staff Use Only**                 Staff – Check One: Is CDCR 602-A Attached?  ☐ Yes  ☐ No

This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction)  Date: _____  Date: _____  Date: _____  Date: _____
☐ Cancelled (See attached letter)  Date: _____
☐ Accepted at the First Level of Review.

Assigned to: _____  Title: _____  Date Assigned: _____  Date Due: _____

First Level Responder:  Complete a First Level response.  Include interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: _____  Interview Location: _____

Your appeal issue is:  ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____

See attached letter.  If dissatisfied with First Level response, complete Section D.

Interviewer: _____ (Print Name)  Title: _____  Signature: _____  Date completed: _____

Reviewer: _____ (Print Name)  Title: _____  Signature: _____

Date received by AC: _____

| | AC Use Only |
|---|---|
| | Date mailed/delivered to appellant ___ / ___ / ___ |

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**Side 2**

**D.** If you are dissatisfied with the First Level response, explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response.  If you need more space, use Section D of the CDCR 602-A.

_____

_____

_____

_____

_____

_____

Inmate/Parolee Signature: _____ Date Submitted : _____

---

**E. Second Level - Staff Use Only**                       Staff – Check One:  Is CDCR 602-A Attached?  ☐ Yes   ☐ No

This appeal has been:

☐ By-passed at Second Level of Review.  Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____   Date: _____   Date: _____   Date: _____
☐ Cancelled (See attached letter)
☐ Accepted at the Second Level of Review

Assigned to: _____ Title: _____   Date Assigned: _____   Date Due: _____

Second Level Responder: Complete a Second Level response.  If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: _____   Interview Location: _____

Your appeal issue is:  ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____

See attached letter.  If dissatisfied with Second Level response, complete Section F below.

Interviewer: _____ Title: _____  Signature: _____ Date completed : _____
           (Print Name)

Reviewer: _____ Title: _____  Signature: _____
           (Print Name)

Date received by AC: _____

| AC Use Only |
| Date mailed/delivered to appellant ____ /____ /____ |

---

**F.** If you are dissatisfied with the Second Level response, explain reason below; attach supporting documents and submit by mail for Third Level Review.  It must be received within 30 calendar days of receipt of prior response.  Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001.  If you need more space, use Section F of the CDCR 602-A.

_____

_____

_____

_____

Inmate/Parolee Signature: _____ Date Submitted: _____

---

**G. Third Level - Staff Use Only**
This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____   Date: _____   Date: _____   Date: _____   Date: _____
☐ Cancelled (See attached letter)  Date: _____
☐ Accepted at the Third Level of Review.  Your appeal issue is ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____
    See attached Third Level response.

| Third Level Use Only |
| Date mailed/delivered to appellant ____ /____ /____ |

---

**H. Request to Withdraw Appeal:**  I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

_____

_____

_____

_____

Inmate/Parolee Signature: _____   Date: _____

Print Staff Name: _____ Title: _____  Signature: _____   Date: _____

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | | 57441 | |
| | | FOR STAFF USE ONLY | |

Attach this form to the CDCR 602, only if more space is needed.  Only one CDCR 602-A may be used.

Appeal is subject to rejection if one row of text per line is exceeded.    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): Daniel, Brant | CDC Number: J-85968 | Unit/Cell Number: A1 – 111 | Assignment: ———— |
|---|---|---|---|

**A.  Continuation of CDCR 602, Section A only (Explain your issue):** tcc removed my NDS over unproven & unfounded bogus allegations. I'm innocent and in 26 yrs have never had any such 115 against staff. This shows SAC-HQ of cdcr that SAC 4 is corrupt and will cover up corruption with meritless and baseless allegations. Then, try, convict, and sentence me all w/out a hearing or a fair Due Process being allowed first! tcc is forcing me to live in a PSU – EOP unit, ergo in violation of the title 15, 3341.2 & 3004 Equal Rights & treatments! I'm forced to climb steps (5) with a paralized foot & immediately post-operation. I need flat level terrain. If SAC 4 cannot accomadate such housing, well transfer me them! I'll prove the corrupt actions going on here in SACy to the Fed. Judge, I garentie you!!! Stop violating the title of law & Title 15 at will! "See Actions".

Inmate/Parolee Signature: Brant Daniel        Date Submitted: 11-10-20

CSP-SAC APPEALS
NOV 12 '20 AM 11:25

STAFF USE ONLY

**B.  Continuation of CDCR 602, Section B only (Action requested):** _____

_____

_____

_____

_____

_____

_____

_____

Inmate/Parolee Signature: _____        Date Submitted: _____

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 2

**D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response):** _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Inmate/Parolee Signature: _____   Date Submitted: _____

**F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response):** _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Inmate/Parolee Signature: _____   Date Submitted: _____



## CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT

**Offender Name:** DANIEL, BRANT Q.                                    **CDC#:** J85968

**Date:** 11/16/2020

**Current Location:** SAC-Facility A                    **Current Area/Bed:** A 001 1011001L

**From:** Office of Grievances at California State Prison, Sacramento

**Re: Log # 000000057441**

The California Department of Corrections and Rehabilitation Office of Grievances at California State Prison, Sacramento received your grievance on 11/12/2020. Your grievance has been assigned for review and response.

Pursuant to California Code of Regulations, title 15, the Office of Grievances will complete its review no later than 01/12/2021.

Please be informed that the Office of Grievances will not respond to any inquiries about the status of a grievance prior to the date shown above.

Once you receive a response and if you are dissatisfied with the decision(s), you may file an appeal with the California Department of Corrections and Rehabilitation Office of Appeals.

CDCR SOMS OGTT300
CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT



**CALIFORNIA DEPARTMENT of**
**Corrections and Rehabilitation**

# CLAIMANT GRIEVANCE CLAIMS DECISION RESPONSE

**Re:** Grievance Claims Decision Response

**Offender Name:** DANIEL, BRANT QUENTIN

**CDC#:** J85968

**Current Location:** SAC-Facility A

**Date:** 01/07/2021

**Current Area/Bed:** A  001 1 - 011001L

**Log #:** 000000057441

**Claim #:  001**

**Institution/Parole Region of Origin:** California State Prison, Sacramento    **Facility/Parole District of Origin:** SAC-Facility A

**Housing Area/Parole Unit of Origin:**

**Category:**  Offender Classification              **Sub-Category:**   Issue Arising from a UCC, ICC, or DRB that is NOS

## I. CLAIM

The grievant states ICC removed his Non Disciplinary Segregation (NDS) status over, "unproven and unfounded bogus allegations" The grievant is requesting to be granted NDS status.

## II. RULES AND REFERENCES

### A. CONTROLLING AUTHORITY

CCR 3335 Administrative SegregationCCR 3337 Classification Hearing of Administrative Segregation PlacementsCCR 3375 Classification ProcessCCR 3269 Inmate Housing AssignmentsCCR 3269.1 Integrated HousingCCR 3375.1 Inmate PlacementCCR 3377.1 Inmate Custody DesignationsDOM 52080.27.1 Retention for DisciplinaryDOM 52080.27.2 Retention for Non-Disciplinary

### B. DOCUMENTS CONSIDERED

Classification Review CDCR 128-G dated 10/28/2020Administrative Segregation Unit Placement Notice dated 10/8/2020Rules Violation Report dated 10/7/2020 for Conspire - Murder Log#: 7036716

## III. REASONING AND DECISION

The grievant was issued a new Administrative Segregation Unit (ASU) Placement Notice on 10/8/2020 while housed at California State Prison, Sacramento (CSP-SAC) Short Term Restricted Housing Unit (STRH). Specifically it states: "You were initially placed in Administrative Segregation Unit (ASU) at California State Prison, Sacramento (SAC), on Tuesday, July 9, 2019. You were received at SAC Short Term Restricted Housing (STRH)/ASU from California State Prison, Corcoran Security Housing Unit (COR SHU), to facilitate court proceedings in Sacramento County. You require Maximum Custody Housing due to your endorsement to Corcoran SHU, for the Step Down Program of the Security Threat Group (STG) step down process. Additionally, you were being retained in ASU due to being involved in a conspiracy to participate in a Racketeering Enterprise and related crimes. Specifically, a sealed federal arrest warrant has been issued for your person from the United States District Court, Eastern District of California, based upon an indictment alleging multiple violations of federal law, including Conspiracy to Participate in a Racketeering Enterprise ("RICO") in violation of 18 U.S.C. 1962(d), and related crimes. This court case remains pending as of today's date. You were previously seen by SAC ICC on 8/26/2020 and removed from the Step Down Program, effective 6/8/2020. Additionally, ICC reviewed confidential information indicating you are targeted for murder by the Aryan Brotherhood STG 1. ISU was assigned to conduct a comprehensive safety investigation to determine appropriate housing, which could include referral to the Departmental Review Board (DRB) for determination. This investigation is still pending. A new ASU Placement Notice is being issued to you to clarify your reason for ASU placement. On October 7, 2020, confidential information was received indicating you are plotting to murder a Correctional Officer. Specifically, you are planning to use an inmate manufactured weapon to assault/murder a Correctional Officer within the Short Term Restricted Housing (STRH) Unit. You will be issued a Rules Violation Report (RVR) for Conspiracy to Murder a Peace Officer, and if found guilty you will be assessed a Security Housing Unit term. For this reason, you will remain in the STRH. You will be seen by ICC within 10 days for appropriate program and housing considerations."According to CSP-SAC ICC dated

10/28/2020, the grievant was issued this new ASU Placement Notice on 10/8/2020 and was scheduled to be seen by ICC within 10 days however, due to the grievant being out to medical, the grievant was not seen by ICC within 10 days. Specifically, the grievant went out to medical via Emergency Transport Code 1 on 10/13/2020 and returned to CSP-SAC STRH on 10/16/2020. The grievant went out again to medical via Emergency Transport Code 2 on 10/19/2020 and returned to CSP-SAC A Facility, 1 Block on 10/26/2020. ICC noted the grievant was to be retained in ASU pending adjudication of RVR Log#: 7036716, dated 10/7/2020 for Conspire - Murder. If guilty, projected MERD of 3/10/2023 is noted. Because the grievant is now retained in ASU pending the adjudication of a serious, Division A-2 RVR, his NDS status was changed to non-NDS. The grievant's Work Group/Privilege Group was also changed from D1/B to D1/D effective 10/7/2020. After review of DOM Section 52080.27.1 - Retention for Disciplinary, 52080.27.2 - Retention for Non-Disciplinary, and CCR Section 3335 - Administrative Segregation (1)(A)-(D), Grievant does not meet the criteria for NDS status. S has a Serious, Division A-2 RVR dated 10/7/2020 for Conspire - Murder. This RVR has been postponed pending the District Attorney's action. If Grievant is found not guilty of this offense, his NDS status will be reviewed by ICC. For the reasons cited above, this grievance is disapproved.

**Decision: Disapproved**

After a thorough review of all documents and evidence presented at the Office of Grievances Level, it is the order of the Office of Grievance to DISAPPROVE the claim.

If you are dissatisfied with the decision of this claim, you may file a 602-2, appeal with the California Department of Corrections and Rehabilitation Office of Appeals.

| J. Lynch [LYJE001] | Warden | 12/30/2020 |
| --- | --- | --- |

**Claim #:  002**

**Institution/Parole Region of Origin:** California State Prison, Sacramento          **Facility/Parole District of Origin:**  SAC-Facility A
**Housing Area/Parole Unit of Origin:**
**Category:**  Offender Classification                              **Sub-Category:**   Housing Assignments

### I. CLAIM

The claimant alleges the Institutional Classification Committee (ICC) is forcing him to live in a Psychiatric Services Unit (PSU) Enhanced Out-Patient Program (EOP) unit, ergo. The claimant states he is forced to climb five steps with a paralyzed foot and immediately post operation. The claimant states he needs level terrain. The claimant is requesting to be moved out of PSU and all mental health units and to be issued a copy of his current 128-C.

### II. RULES AND REFERENCES

#### A. CONTROLLING AUTHORITY

CCR 3335 Administrative SegregationCCR 3337 Classification Hearing of Administrative Segregation PlacementsCCR 3375 Classification ProcessCCR 3269 Inmate Housing AssignmentsCCR 3375.1 Inmate PlacementCCR 3377.1 Inmate Custody DesignationsCCR 3999.320 Medical ClassificationDOM 12040.8 Threat Assessment Response Team (TART)

#### B. DOCUMENTS CONSIDERED

Classification Review CDCR 128-G dated 10/28/2020Administrative Segregation Unit Placement Notice dated 10/8/2020Rules Violation Report dated 10/7/2020 for Conspire - Murder Log#: 7036716CDCR 128-B dated 11/6/2020 - Threat Assessment Response Team review chrono.Medical Classification Chrono dated 11/17/2020DPP Disability/Accommodation dated 7/24/2020 and 5/1/2020

### III. REASONING AND DECISION

The claimant was issued a new Administrative Segregation Unit (ASU) Placement Notice on October 8, 2020 while housed at California State Prison-Sacramento (CSP-SAC) Short Term Restricted Housing Unit (STRH). Specifically it states: "You were initially placed in Administrative Segregation Unit (ASU) at California State Prison, Sacramento (SAC), on Tuesday, July 9, 2019. You were received at SAC Short Term Restricted Housing (STRH)/ASU from California State Prison, Corcoran Security Housing Unit (COR SHU), to facilitate court proceedings in Sacramento County. You require Maximum Custody housing due to your endorsement to Corcoran SHU, for the Step Down Program of the Security Threat Group (STG) step down process. Additionally, you were being retained in ASU due to being involved in a conspiracy to participate in a Racketeering Enterprise and related crimes. Specifically, a sealed federal arrest warrant has been issued for your person from the United States District Court, Eastern District of California, based upon an indictment alleging multiple violations of federal law, including Conspiracy to Participate in a Racketeering Enterprise ("RICO") in violation of 18 U.S.C. 1962(d), and related crimes. This court case remains pending as of today's date. You were previously seen by SAC ICC on 8/26/2020 and removed from the Step Down Program, effective 6/8/2020. Additionally, ICC reviewed confidential information indicating you are targeted for murder by the Aryan Brotherhood STG 1. ISU was assigned to conduct a comprehensive safety investigation to determine appropriate housing, which could include referral to the Departmental Review Board

(DRB) for determination. This investigation is still pending. A new ASU Placement Notice is being issued to you to clarify your reason for ASU placement. On October 7, 2020, confidential information was received indicating you are plotting to murder a Correctional Officer. Specifically, you are planning to use an inmate manufactured weapon to assault/murder a Correctional Officer within the Short Term Restricted Housing (STRH) Unit. You will be issued a Rules Violation Report (RVR) for Conspiracy to Murder a Peace Officer, and if found guilty you will be assessed a Security Housing Unit term. For this reason, you will remain in the STRH. You will be seen by ICC within 10 days for appropriate program and housing considerations."According to CSP-SAC ICC dated October 28, 2020 the claimant was issued this new ASU Placement Notice on October 8, 2020 and was scheduled to be seen by ICC within 10 days however, due to the claimant being out to medical, he was not seen by ICC within 10 days. Specifically, the claimant went out to medical via Emergency Transport Code 1 on October 13, 2020 and returned to CSP-SAC STRH on October 16, 2020. The claimant went out again to medical via Emergency Transport Code 2 on October 19, 2020 and returned to CSP-SAC, A Facility, 1 Block on October 26, 2020. ICC noted the claimant was to be retained in ASU pending adjudication of RVR Log#: 7036716, dated October 17, 2020 for Conspire - Murder. If guilty, projected Minimum Eligible Release Date of March 10, 2023 is noted. This RVR has been postponed pending the District Attorney's action. The claimant's placement into CSP-SAC, A Facility, 1 Block was in part due to the claimant's threat to the safety and security of the Correctional Officer who works five days per week in the STRH unit. Per CDCR 128-B dated November 16, 2020 the Threat Assessment Response Team (TART) convened to review the claimant's danger to this STRH Correctional Officer. The TART concluded the claimant does pose a threat to the Correctional Officer. All team members were in agreement with the determination to place a staff separation alert in SOMS. This staff separation alert remains active, approved, and in effect. The claimant is requesting a copy of his current 128-C. A copy of his 128-C along with other related applicable forms (Medical Classification Chrono dated November 17, 2020 DPP Disability/Accommodation dated July 24, 2020 and May 1, 2020) were issued to the claimant on December 2, 2020 by A1 PSU Sergeant M. Britton.The claimant alleges he is forced to climb five steps with a paralyzed foot and immediately post operation. While the claimant's full medical history is not comprehensively assessable to this fact gatherer, the claimant's Medical Classification Chrono dated November 17, 2020 is noted. Specifically, it states: Level of Care: OP, Proximity to Consult: Tertiary Consultations; Functional Capacity: Limited Duty; Medical Risk: High Risk; Nursing Care Acuity: Low-Intensity Nursing; Institutional Environmental: Restricted - Cocci Area 2. Additionally, the claimant's Disability/Accommodation Summary is noted as: Housing Restrictions: Ground Floor - Limited Stairs, Lower/Bottom Bunk Only; Physical Limitations to Job/Other: Special Cuffing Needed, Lifting Restrictions - Unable to lift more than 19 pounds, no rooftop work; Durable Medical Equipment: Canes. The claimant also has a Disability Placement Code DLT - Mobility Impaired Needs Level Terrain. While STRH housing for the claimant would be ideal, the claimant has an active staff separation alert which prevents him from being housed there at this time. However, the claimant is appropriately housed in CSP-SAC, A Facility, 1 Block on a lower tier and a lower bunk (currently resides in A1-111, Lower). Additionally, CSP-SAC, A Facility, 1 Block has a functional medical lift which would prevent the claimant from having to navigate stairs, if he required such service.In conclusion, the claimant is appropriately housed in CSP-SAC, A Facility, 1 Block as it meets his custody needs and his current medical case factors available to custody staff at this time. Should his medical case factors change, the claimant's housing should be re-evaluated.

**IV. REMEDY**

For the reasons cited above, this grievance is partially approved as the claimant requested copies of his current 128-C. This document was issued to the claimant on December 2, 2020.

**Decision: Approved**

After a thorough review of all documents and evidence presented at the Office of Grievances Level, it is the order of the Office of Grievance to APPROVE the claim.

If you are dissatisfied with the decision of this claim, you may file a 602-2, appeal with the California Department of Corrections and Rehabilitation Office of Appeals.

If more than 30 calendar days have passed since the decision was sent to you, and your remedy has not been implemented, you may file a CDCR Form 602 -3, Request to Implement Remedies Form. You must wait until after the 30th day has passed to submit this request.

| J. Lynch [LYJE001] | Warden | 01/06/2021 |



CALIFORNIA DEPARTMENT of
**Corrections and Rehabilitation**

# CLAIMANT APPEAL CLAIMS DECISION RESPONSE

**Re:** Appeal Claims Decision Response

| | | |
|---|---|---|
| **Offender Name:** DANIEL, BRANT QUENTIN | | **Date:** 04/14/2021 |
| **CDC#:** J85968 | | |
| **Current Location:** SAC-Facility A | | **Current Area/Bed:** A 001 1 - 011001L |

**Log #:** 000000057441

---

**Claim #  002**

**Institution/Parole Region of Origin:** California State Prison, Sacramento        **Facility/Parole District of Origin:** SAC-Facility A

**Housing Area/Parole Unit of Origin:**

**Category:** Offender Classification                **Sub-Category:**   Housing Assignments

### I. ISSUE ON APPEAL

Appellant alleges to be wrongfully housed in the Psychiatric Services Unit. Additionally, appellant alleges he was forced to climb stairs with a paralyzed foot and requires level terrain.

### II. RULES AND REFERENCES

#### A. CONTROLLING AUTHORITY

Title 15, sections 3269, 3335, 3337, and 3375; Department Operations Manual 12040.8

#### B. DOCUMENTS CONSIDERED

OGT log #57441; Classification Committee Chrono dated October 28, 2020, Threat Assessment Response Team chrono dated November 6, 2020; Medical Classification Chrono dated November 17, 2020 and Disability Accommodation dated July 24, 2020 and March 3, 2021 in the Strategic Offender Management System.

### III. REASONING AND DECISION

Appellant is currently housed in Administrative Segregation at California State Prison, Sacramento, due to pending federal charges and a pending rules violation for Conspiracy to Commit Murder. The institution Classification Committee determined this housing and program to be appropriate on October 28, 2020 and the case was audited and endorsed by a Classification Staff Representative on the same day. Appellant's statements regarding climbing stairs with a paralyzed foot have no merit. Appellant's Accommodation Chrono dated July 24, 2020, shows "Ground Floor - Limited Stairs" and "Lower/Bottom Bunk Only", expiring on January 24, 2021. On March 3, 2021, the chrono was updated, and extended the same provisions until September 3, 2021. Appellant would normally be housed in Short Term Restricted Housing, but has an active Staff Separation Alert preventing housing in that area. Consequently, appellant is housed in the Psychiatric Services Unit. Appellant is appropriately housed based on his individual case factors and current medical restrictions. Appellant is housed on the ground floor, in a lower bunk. Additionally, the housing unit is equipped with a medical lift that prevents appellant from climbing any stairs, if such a need arises. For these reasons, claim is denied.

### IV. REMEDY

Your claim has been denied. Therefore, there is no applicable remedy.

**Decision: Denied**

Case 2:23-cv-00384-AC   Document 1   Filed 03/01/23   Page 40 of 91

After a thorough review of all documents and evidence available at the time of this written decision, it is the order of the Office of Appeals that this claim is denied. This decision exhausts the administrative remedies available to the claimant within CDCR.

| H. Moseley [MOHO002] | Chief | 04/13/2021 |
|---|---|---|



CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

# CLAIMANT GRIEVANCE CLAIMS DECISION RESPONSE

**Re:** Grievance Claims Decision Response

**Offender Name:** DANIEL, BRANT QUENTIN                **Date:** 01/07/2021

**CDC#:** J85968

**Current Location:** SAC-Facility A                **Current Area/Bed:** A 001 1 - 011001L

**Log #:** 000000057441

**Claim #: 001**

**Institution/Parole Region of Origin:** California State Prison, Sacramento        **Facility/Parole District of Origin:** SAC-Facility A

**Housing Area/Parole Unit of Origin:**

**Category:** Offender Classification                **Sub-Category:** Issue Arising from a UCC, ICC, or DRB that is NOS

### I. CLAIM

The grievant states ICC removed his Non Disciplinary Segregation (NDS) status over, "unproven and unfounded bogus allegations" The grievant is requesting to be granted NDS status.

### II. RULES AND REFERENCES

#### A. CONTROLLING AUTHORITY

CCR 3335 Administrative SegregationCCR 3337 Classification Hearing of Administrative Segregation PlacementsCCR 3375 Classification ProcessCCR 3269 Inmate Housing AssignmentsCCR 3269.1 Integrated HousingCCR 3375.1 Inmate PlacementCCR 3377.1 Inmate Custody DesignationsDOM 52080.27.1 Retention for DisciplinaryDOM 52080.27.2 Retention for Non-Disciplinary

#### B. DOCUMENTS CONSIDERED

Classification Review CDCR 128-G dated 10/28/2020Administrative Segregation Unit Placement Notice dated 10/8/2020Rules Violation Report dated 10/7/2020 for Conspire - Murder Log#: 7036716

### III. REASONING AND DECISION

The grievant was issued a new Administrative Segregation Unit (ASU) Placement Notice on 10/8/2020 while housed at California State Prison, Sacramento (CSP-SAC) Short Term Restricted Housing Unit (STRH). Specifically it states: "You were initially placed in Administrative Segregation Unit (ASU) at California State Prison, Sacramento (SAC), on Tuesday, July 9, 2019. You were received at SAC Short Term Restricted Housing (STRH)/ASU from California State Prison, Corcoran Security Housing Unit (COR SHU), to facilitate court proceedings in Sacramento County. You require Maximum Custody housing due to your endorsement to Corcoran SHU, for the Step Down Program of the Security Threat Group (STG) step down process. Additionally, you were being retained in ASU due to being involved in a conspiracy to participate in a Racketeering Enterprise and related crimes. Specifically, a sealed federal arrest warrant has been issued for your person from the United States District Court, Eastern District of California, based upon an indictment alleging multiple violations of federal law, including Conspiracy to Participate in a Racketeering Enterprise ("RICO") in violation of 18 U.S.C. 1962(d), and related crimes. This court case remains pending as of today's date. You were previously seen by SAC ICC on 8/26/2020 and removed from the Step Down Program, effective 6/8/2020. Additionally, ICC reviewed confidential information indicating you are targeted for murder by the Aryan Brotherhood STG 1. ISU was assigned to conduct a comprehensive safety investigation to determine appropriate housing, which could include referral to the Departmental Review Board (DRB) for determination. This investigation is still pending. A new ASU Placement Notice is being issued to you to clarify your reason for ASU placement. On October 7, 2020, confidential information was received indicating you are plotting to murder a Correctional Officer. Specifically, you are planning to use an inmate manufactured weapon to assault/murder a Correctional Officer within the Short Term Restricted Housing (STRH) Unit. You will be issued a Rules Violation Report (RVR) for Conspiracy to Murder a Peace Officer, and if found guilty you will be assessed a Security Housing Unit term. For this reason, you will remain in the STRH. You will be seen by ICC within 10 days for appropriate program and housing considerations."According to CSP-SAC ICC dated

10/28/2020, the grievant was issued this new ASU Placement Notice on 10/8/2020 and was scheduled to be seen by ICC within 10 days however, due to the grievant being out to medical, the grievant was not seen by ICC within 10 days. Specifically, the grievant went out to medical via Emergency Transport Code 1 on 10/13/2020 and returned to CSP-SAC STRH on 10/16/2020. The grievant went out again to medical via Emergency Transport Code 2 on 10/19/2020 and returned to CSP-SAC A Facility, 1 Block on 10/26/2020. ICC noted the grievant was to be retained in ASU pending adjudication of RVR Log #: 7036716, dated 10/7/2020 for Conspire - Murder. If guilty, projected MERD of 3/10/2023 is noted. Because the grievant is now retained in ASU pending the adjudication of a serious, Division A-2 RVR, his NDS status was changed to non-NDS. The grievant's Work Group/Privilege Group was also changed from D1/B to D1/D effective 10/7/2020. After review of DOM Section 52080.27.1 - Retention for Disciplinary, 52080.27.2 - Retention for Non-Disciplinary, and CCR Section 3335 - Administrative Segregation (1)(A)-(D), Grievant does not meet the criteria for NDS status. S has a Serious, Division A-2 RVR dated 10/7/2020 for Conspire - Murder. This RVR has been postponed pending the District Attorney's action. If Grievant is found not guilty of this offense, his NDS status will be reviewed by ICC. For the reasons cited above, this grievance is disapproved.

**Decision: Disapproved**

After a thorough review of all documents and evidence presented at the Office of Grievances Level, it is the order of the Office of Grievance to DISAPPROVE the claim.

If you are dissatisfied with the decision of this claim, you may file a 602-2, appeal with the California Department of Corrections and Rehabilitation Office of Appeals.

| J. Lynch [LYJE001] | Warden | 12/30/2020 |
|---|---|---|

---

**Claim #: 002**

**Institution/Parole Region of Origin:** California State Prison, Sacramento      **Facility/Parole District of Origin:** SAC-Facility A

**Housing Area/Parole Unit of Origin:**

**Category:** Offender Classification                    **Sub-Category:** Housing Assignments

**I. CLAIM**

The claimant alleges the Institutional Classification Committee (ICC) is forcing him to live in a Psychiatric Services Unit (PSU) Enhanced Out-Patient Program (EOP) unit, ergo. The claimant states he is forced to climb five steps with a paralyzed foot and immediately post operation. The claimant states he needs level terrain. The claimant is requesting to be moved out of PSU and all mental health units and to be issued a copy of his current 128-C.

**II. RULES AND REFERENCES**

   **A. CONTROLLING AUTHORITY**

   CCR 3335 Administrative SegregationCCR 3337 Classification Hearing of Administrative Segregation PlacementsCCR 3375 Classification ProcessCCR 3269 Inmate Housing AssignmentsCCR 3375.1 Inmate PlacementCCR 3377.1 Inmate Custody DesignationsCCR 3999.320 Medical ClassificationDOM 12040.8 Threat Assessment Response Team (TART)

   **B. DOCUMENTS CONSIDERED**

   Classification Review €DCR 128-G dated 10/28/2020Administrative Segregation Unit Placement Notice dated 10/8/2020Rules Violation Report dated 10/7/2020 for Conspire - Murder Log#: 7036716CDCR 128-B dated 11/6/2020 - Threat Assessment Response Team review chrono.Medical Classification Chrono dated 11/17/2020DPP Disability/Accommodation dated 7/24/2020 and 5/1/2020

**III. REASONING AND DECISION**

The claimant was issued a new Administrative Segregation Unit (ASU) Placement Notice on October 8, 2020 while housed at California State Prison-Sacramento (CSP-SAC) Short Term Restricted Housing Unit (STRH). Specifically it states: "You were initially placed in Administrative Segregation Unit (ASU) at California State Prison, Sacramento (SAC), on Tuesday, July 9, 2019. You were received at SAC Short Term Restricted Housing (STRH)/ASU from California State Prison, Corcoran Security Housing Unit (COR SHU), to facilitate court proceedings in Sacramento County. You require Maximum Custody Housing due to your endorsement to Corcoran SHU, for the Step Down Program of the Security Threat Group (STG) step down process. Additionally, you were being retained in ASU due to being involved in a conspiracy to participate in a Racketeering Enterprise and related crimes. Specifically, a sealed federal arrest warrant has been issued for your person from the United States District Court, Eastern District of California, based upon an indictment alleging multiple violations of federal law, including Conspiracy to Participate in a Racketeering Enterprise ("RICO") in violation of 18 U.S.C. 1962(d), and related crimes. This court case remains pending as of today's date. You were previously seen by SAC ICC on 8/26/2020 and removed from the Step Down Program, effective 6/18/2020. Additionally, ICC reviewed confidential information indicating you are targeted for murder by the Aryan Brotherhood STG 1. ISU was assigned to conduct a comprehensive safety investigation to determine appropriate housing, which could include referral to the Departmental Review Board

(DRB) for determination. This investigation is still pending. A new ASU Placement Notice is being issued to you to clarify your reason for ASU placement. On October 7, 2020, confidential information was received indicating you are plotting to murder a Correctional Officer. Specifically, you are planning to use an inmate manufactured weapon to assault/murder a Correctional Officer within the Short Term Restricted Housing (STRH) Unit. You will be issued a Rules Violation Report (RVR) for Conspiracy to Murder a Peace Officer, and if found guilty you will be assessed a Security Housing Unit term. For this reason, you will remain in the STRH. You will be seen by ICC within 10 days for appropriate program and housing considerations."According to CSP-SAC ICC dated October 28, 2020 the claimant was issued this new ASU Placement Notice on October 8, 2020 and was scheduled to be seen by ICC within 10 days however, due to the claimant being out to medical, he was not seen by ICC within 10 days. Specifically, the claimant went out to medical via Emergency Transport Code 1 on October 13, 2020 and returned to CSP-SAC STRH on October 16, 2020. The claimant went out again to medical via Emergency Transport Code 2 on October 19, 2020 and returned to CSP-SAC, A Facility, 1 Block on October 26, 2020. ICC noted the claimant was to be retained in ASU pending adjudication of RVR Log#: 7036716, dated October 17, 2020 for Conspire - Murder. If guilty, projected Minimum Eligible Release Date of March 10, 2023 is noted. This RVR has been postponed pending the District Attorney's action. The claimant's placement into CSP-SAC, A Facility, 1 Block was in part due to the claimant's threat to the safety and security of the Correctional Officer who works five days per week in the STRH unit. Per CDCR 128-B dated November 16, 2020 the Threat Assessment Response Team (TART) convened to review the claimant's danger to this STRH Correctional Officer. The TART concluded the claimant does pose a threat to the Correctional Officer. All team members were in agreement with the determination to place a staff separation alert in SOMS. This staff separation alert remains active, approved, and in effect. The claimant is requesting a copy of his current 128-C. A copy of his 128-C along with other related applicable forms (Medical Classification Chrono dated November 17, 2020 DPP Disability/Accommodation dated July 24, 2020 and May 1, 2020) were issued to the claimant on December 2, 2020 by A1 PSU Sergeant M. Britton.The claimant alleges he is forced to climb five steps with a paralyzed foot and immediately post operation. While the claimant's full medical history is not comprehensively assessable to this fact gatherer, the claimant's Medical Classification Chrono dated November 17, 2020 is noted. Specifically, it states: Level of Care: OP, Proximity to Consult: Tertiary Consultations; Functional Capacity: Limited Duty; Medical Risk: High Risk; Nursing Care Acuity: Low-Intensity Nursing; Institutional Environmental: Restricted - Cocci Area 2. Additionally, the claimant's Disability/Accommodation Summary is noted as: Housing Restrictions: Ground Floor - Limited Stairs, Lower/Bottom Bunk Only; Physical Limitations to Job/Other: Special Cuffing Needed, Lifting Restrictions - Unable to lift more than 19 pounds, no rooftop work; Durable Medical Equipment: Canes. The claimant also has a Disability Placement Code DLT - Mobility Impaired Needs Level Terrain. While STRH housing for the claimant would be ideal, the claimant has an active staff separation alert which prevents him from being housed there at this time. However, the claimant is appropriately housed in CSP-SAC, A Facility, 1 Block on a lower tier and a lower bunk (currently resides in A1-111, Lower). Additionally, CSP-SAC, A Facility, 1 Block has a functional medical lift which would prevent the claimant from having to navigate stairs, if he required such service.In conclusion, the claimant is appropriately housed in CSP-SAC, A Facility, 1 Block as it meets his custody needs and his current medical case factors available to custody staff at this time. Should his medical case factors change, the claimant's housing should be re-evaluated.

## IV. REMEDY

For the reasons cited above, this grievance is partially approved as the claimant requested copies of his current 128-C. This document was issued to the claimant on December 2, 2020.

### Decision: Approved

After a thorough review of all documents and evidence presented at the Office of Grievances Level, it is the order of the Office of Grievance to APPROVE the claim.

If you are dissatisfied with the decision of this claim, you may file a 602-2, appeal with the California Department of Corrections and Rehabilitation Office of Appeals.

If more than 30 calendar days have passed since the decision was sent to you, and your remedy has not been implemented, you may file a CDCR Form 602 -3, Request to Implement Remedies Form. You must wait until after the 30th day has passed to submit this request.

| J. Lynch [LYJE001] | Warden | 01/06/2021 |

ExHiBiT C

602 Appeal

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side I

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | | 61976 | |
| | *FOR STAFF USE ONLY* | | |

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.          WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): Daniel, Brant | CDC Number: J85968 | Unit/Cell Number: A1 – 111 | Assignment: — |
|---|---|---|---|

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

" Torture — Corruption — Retaliation "

**A.** Explain your issue (If you need more space, use Section A of the CDCR 602-A): On 10-26-20, I was told I am being moved from STRH to A1-111 for Covid 19 Quarentine of 14 days as was c/o Grove & c/o Schmidt was too. Then on 10-27-20 SGT Collinsworth came by. (see 602A)

**B.** Action requested (If you need more space, use Section B of the CDCR 602-A): ① To be transferred out of SAC4 immediately ② to be taken to the Feds ③ to be compensated for every day I'm housed illegally ④ For an immediate investigation by IA to be done ON Corrupt cop !

Supporting Documents: Refer to CCR 3084.3.

☐ Yes, I have attached supporting documents.

List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

_____   _____

_____   _____

☒ No, I have not attached any supporting documents. Reason : _____

_____

_____

Inmate/Parolee Signature: Brant Daniel     Date Submitted: 11-29-20

☐ By placing my initials in this box, I waive my right to receive an interview.

CSP-SAC APPEALS
NOV 30 2020 AM 11:10

STAFF USE ONLY

**C. First Level - Staff Use Only**                    Staff – Check One: Is CDCR 602-A Attached?  ☐ Yes   ☐ No

This appeal has been:

☐ Bypassed at the First Level of Review. Go to Section E.

☐ Rejected (See attached letter for instruction)  Date: _____  Date: _____  Date: _____  Date: _____

☐ Cancelled (See attached letter)  Date: _____

☐ Accepted at the First Level of Review.

Assigned to: _____  Title: _____  Date Assigned: _____  Date Due: _____

First Level Responder: Complete a First Level response. Include Interviewer's name, title, Interview date, location, and complete the section below.

Date of Interview: _____  Interview Location: _____

Your appeal issue is:  ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____

See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer: _____ (Print Name)  Title: _____  Signature: _____  Date completed: _____

Reviewer: _____ (Print Name)  Title: _____  Signature: _____

Date received by AC: _____

| | AC Use Only Date mailed/delivered to appellant ____ / ____ / ____ |
|---|---|

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 2

**D. If you are dissatisfied with the First Level response,** explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response.   If you need more space, use Section D of the CDCR 602-A.

_____
_____
_____
_____
_____

Inmate/Parolee Signature: _____     Date Submitted : _____

**E. Second Level - Staff Use Only**     Staff – Check One: is CDCR 602-A Attached?   ☐ Yes   ☐ No

This appeal has been:
☐ By-passed at Second Level of Review.  Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____   Date: _____   Date: _____   Date: _____
☐ Cancelled (See attached letter)
☐ Accepted at the Second Level of Review

Assigned to: _____   Title: _____   Date Assigned: _____   Date Due: _____

Second Level Responder: Complete a Second Level response.  If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of interview: _____     Interview Location: _____

Your appeal issue is:  ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____

See attached letter.  If dissatisfied with Second Level response, complete Section F below.

Interviewer: _____   Title: _____   Signature: _____   Date completed : _____
                  (Print Name)

Reviewer: _____   Title: _____   Signature: _____
                  (Print Name)

Date received by AC: _____

| AC Use Only |
| Date mailed/delivered to appellant ____ / ____ / ____ |

**F. If you are dissatisfied with the Second Level response,** explain reason below; attach supporting documents and submit by mail for Third Level Review.  It must be received within 30 calendar days of receipt of prior response.  Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001.  If you need more space, use Section F of the CDCR 602-A.

_____
_____
_____
_____
_____

Inmate/Parolee Signature: _____     Date Submitted: _____

**G. Third Level - Staff Use Only**

This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____   Date: _____   Date: _____   Date: _____   Date: _____
☐ Cancelled (See attached letter)   Date: _____
☐ Accepted at the Third Level of Review.  Your appeal issue is  ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____

See attached Third Level response.

| Third Level Use Only |
| Date mailed/delivered to appellant ____ / ____ / ____ |

**H. Request to Withdraw Appeal:**  I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

_____
_____
_____
_____

_____   Inmate/Parolee Signature: _____   Date: _____

Print Staff Name: _____   Title: _____   Signature: _____   Date: _____

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region | Log # | Category: |
|---|---|---|---|
| | | 61976 | |
| | | FOR STAFF USE ONLY | |

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.
Appeal is subject to rejection if one row of text per line is exceeded.    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Daniel, Brant | J-85968 | A1-111 | |

**A. Continuation of CDCR 602, Section A only (Explain your issue):** & told me I was lied to, &
am here over the 115-staff seperation w/ CO Arther; 2 days later Irc
confirmed it! IM NOT Mental Health & isince SACH cant house me
appropiately per my classification GP. Adseg/Shu Cantact the
Feds to Move me or tranfer me. You violate my Due process, Title is
3341.2 & 3004, my 8th AMENDMENT & 14 th; you treat me
differently as well. On 11-6-20, 3/w from 2-4:PM c/o Arther
worked this unit yet I'm tortured & retaliated on here over some
bogus 115 & bogus staff seperation; it proves you lied, and there's
No threat or seperation or WHY would your officer Arther elect
A1 to work knowing I'm here? One must ask Why, Knowing Such
a nefarious kill plot allegedly existed on him why would he work
in my unit? My Fed. Attorneys now have the evidence to prove that
deep rooted corruption exist here & we will expose it all MR. Lynch!
You allow staff to set up I/m's to Die, staff go round telling pct rats
confidential info, details of my Rico case & my codefendants
case also & you torture me by housing me in a PSU or any other
mental Health unit violating my Due process & Constitutional rights.
Bet I prove the corruption MR. Lynch! WATCH ME!!

**Inmate/Parolee Signature:** Brant Daniel       **Date Submitted:** 11-29-20

**B. Continuation of CDCR 602, Section B only (Action requested):**

**Inmate/Parolee Signature:** _____       **Date Submitted:** _____

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL FORM ATTACHMENT
CDCR 602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 2

D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response): _____

Inmate/Parolee Signature: _____  Date Submitted: _____

F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response): _____

Inmate/Parolee Signature: _____  Date Submitted: _____

**CALIFORNIA DEPARTMENT of**
**Corrections and Rehabilitation**

## CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT

**Offender Name:** DANIEL, BRANT Q.                                    **CDC#:** J85968

**Date:** 12/01/2020

**Current Location:** SAC-Facility A                          **Current Area/Bed:** A 001 1011001L

**From:** Office of Grievances at California State Prison, Sacramento

**Re:** Log # 000000061976

The California Department of Corrections and Rehabilitation Office of Grievances at California State Prison, Sacramento received your grievance on 11/30/2020. Your grievance has been assigned for review and response.

Pursuant to California Code of Regulations, title 15, the Office of Grievances will complete its review no later than 01/30/2021.

Please be informed that the Office of Grievances will not respond to any inquiries about the status of a grievance prior to the date shown above.

Once you receive a response and if you are dissatisfied with the decision(s), you may file an appeal with the California Department of Corrections and Rehabilitation Office of Appeals.

CDCR SOMS OGTT300
CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT



**CALIFORNIA DEPARTMENT of**
**Corrections and Rehabilitation**

# CLAIMANT GRIEVANCE CLAIMS DECISION RESPONSE

**Re:** Grievance Claims Decision Response

**Offender Name:** DANIEL, BRANT QUENTIN        **Date:** 01/16/2021

**CDC#:** J85968

**Current Location:** SAC-Facility A        **Current Area/Bed:** A  001 1 - 011001L

**Log #:** 000000061976

---

**Claim #:  001**

**Institution/Parole Region of Origin:** California State Prison, Sacramento        **Facility/Parole District of Origin:** SAC-Facility A

**Housing Area/Parole Unit of Origin:**

**Category:** Offender Classification        **Sub-Category:** Administrative Segregation

The California Department of Corrections and Rehabilitation (CDCR) Office of Grievances at SAC-Facility A has received your claim.

Your claim is being rejected by Office of Grievances for the reason(s) indicated below.

Your request for a transfer out of PSU/ASU are duplicate concerns to those you submitted on grievance log numbers 53592 and 57441 and will not be addressed in this grievance.

This serves as your response by the Office of Grievances. If you are dissatisfied with this response, you may appeal the rejection decision to CDCR's Office of Appeals.

Do not resubmit this claim to the Office of Grievances at SAC-Facility A.

**Decision: Rejected**

(1.)    Your claim is substantially duplicative of a prior claim already submitted by you that is in process or has been answered.

---

**Claim #:  002**

**Institution/Parole Region of Origin:** California State Prison, Sacramento        **Facility/Parole District of Origin:** SAC-Facility A

**Housing Area/Parole Unit of Origin:**

**Category:** Offender Classification        **Sub-Category:** Administrative Determinants

**I. CLAIM**

The claimant alleges his rights have been violated. He indicates he is being tortured by being housed in PSU/ASU, due to a staff separation from Correctional Officer Arther that the claimant believes is a lie. The claimant allegess on November 16, 2020, Officer Arther worked in the unit on 3rd watch from 2:00 - 4:00, which means the staff separation is a lie. The claimant alleges this is an act of corruption.

**II. RULES AND REFERENCES**

**A. CONTROLLING AUTHORITY**

Title 15, Section 3343, "Conditions of Segregated Housing"

**B. DOCUMENTS CONSIDERED**

CDCR-602 Inmate/Parolee Appeal Log #00000000061976

## III. REASONING AND DECISION

The claimant is alleging the staff separation is an act of corruption. The separation alert was not processed until the date of the alleged encounter. It is likely the officer was not notified of the whereabouts of the claimant until after the date the officer worked in the housing unit. The reviewer contacted the unit lieutenant who has forwarded the information to the personnel assignments unit to ensure the officer does not work in any unit where the claimant is housed.The claimant's current housing is segregated housing, which is where he was prior to the separation alert. The claimant is afforded the same opportunity to all the same programs and services in his current housing unit as he would be afforded in any segregated housing unit.  The basis for this claim has already been answered in multiple other appeal claims located in the claimants grievance file.  The staff separation alert is a direct result of the claimants violent and dangerous actions directed at correctional staff which he is being criminally charged for.  Based on the lack of evidence to support the claims of the separation alert being utilized as corruption, it is recommended that the claim be disapproved.

**Decision: Disapproved**

After a thorough review of all documents and evidence presented at the Office of Grievances Level, it is the order of the Office of Grievance to DISAPPROVE the claim.

If you are dissatisfied with the decision of this claim, you may file a 602-2, appeal with the California Department of Corrections and Rehabilitation Office of Appeals.

| J. Lynch [LYJE001] | Warden | 01/15/2021 |



CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

# CLAIMANT APPEAL CLAIMS DECISION RESPONSE

**Re:**  Appeal Claims Decision Response

**Offender Name:**  DANIEL, BRANT QUENTIN                **Date:**  04/14/2021

**CDC#:** J85968

**Current Location:**  SAC-Facility A                **Current Area/Bed:** A  001 1 - 011001L

**Log #:**  000000061976

---

**Claim #  002**

**Institution/Parole Region of Origin:** California State Prison, Sacramento        **Facility/Parole District of Origin:**  SAC-Facility A

**Housing Area/Parole Unit of Origin:**

**Category:**  Offender Classification                **Sub-Category:**    Administrative Determinants

## I. ISSUE ON APPEAL

Appellant alleges he is wrongfully housed in the Psychiatric Services Unit, due to a Staff Separation Alert. Appellant alleges the separation alert is based upon false information, and the staff in question, Correctional Officer Arther, worked in the unit on November 16, 2020.

## II. RULES AND REFERENCES

### A. CONTROLLING AUTHORITY

Title 15, sections 3321, 3343 & 3375

### B. DOCUMENTS CONSIDERED

OGT log #61976; Threat Assessment Review Team chrono dated November 16, 2020; Rules Violation Report #7037616

## III. REASONING AND DECISION

Appellant alleges Correctional Officer Arther worked in the Psychiatric Services Unit on November 16, 2020, from 2:00pm–4:00pm, which proves the separation alert is false. The Staff Separation Alert was reviewed and finalized that same day, which means Correctional Officer Arthur was likely unaware appellant was in that unit. The fact that Correctional Officer Arther was only in the unit for a short time is indicative that the alert was established that day and he was immediately removed from the unit. The situation has since been corrected to ensure Correctional Officer Arthur does not work in the same unit appellant is housed. Appellant's statements regarding the Staff Separation Alert being "a lie" have no merit. The alert was established after appellant conspired to assault Correctional Officer Arther with a weapon. Appellant has a pending Rules Violation Report and pending criminal charges due to this incident. For these reasons, claim is denied.

## IV. REMEDY

Your claim has been denied. Therefore, there is no applicable remedy.

**Decision: Denied**

After a thorough review of all documents and evidence available at the time of this written decision, it is the order of the Office of Appeals that this claim is denied. This decision exhausts the administrative remedies available to the claimant within CDCR.

| H. Moseley [MOHO002] | Chief | 04/13/2021 |



**CALIFORNIA DEPARTMENT of**
**Corrections and Rehabilitation**

# CLAIMANT GRIEVANCE CLAIMS DECISION RESPONSE

**Re:** Grievance Claims Decision Response

**Offender Name:** DANIEL, BRANT QUENTIN                    **Date:** 01/16/2021
**CDC#:** J85968
**Current Location:** SAC-Facility A                    **Current Area/Bed:** A 001 1 - 011001L

**Log #:** 000000061976

---

**Claim #: 001**

**Institution/Parole Region of Origin:** California State Prison, Sacramento          **Facility/Parole District of Origin:** SAC-Facility A
**Housing Area/Parole Unit of Origin:**
**Category:** Offender Classification                    **Sub-Category:** Administrative Segregation

The California Department of Corrections and Rehabilitation (CDCR) Office of Grievances at SAC-Facility A has received your claim.

Your claim is being rejected by Office of Grievances for the reason(s) indicated below.

Your request for a transfer out of PSU/ASU are duplicate concerns to those you submitted on grievance log numbers 53592 and 57441 and will not be addressed in this grievance.

This serves as your response by the Office of Grievances. If you are dissatisfied with this response, you may appeal the rejection decision to CDCR's Office of Appeals.

Do not resubmit this claim to the Office of Grievances at SAC-Facility A.

**Decision: Rejected**

(1.)     Your claim is substantially duplicative of a prior claim already submitted by you that is in process or has been answered.

---

**Claim #: 002**

**Institution/Parole Region of Origin:** California State Prison, Sacramento          **Facility/Parole District of Origin:** SAC-Facility A
**Housing Area/Parole Unit of Origin:**
**Category:** Offender Classification                    **Sub-Category:** Administrative Determinants

**I. CLAIM**

The claimant alleges his rights have been violated. He indicates he is being tortured by being housed in PSU/ASU, due to a staff separation from Correctional Officer Arther that the claimant believes is a lie. The claimant allegess on November 16, 2020, Officer Arther worked in the unit on 3rd watch from 2:00 - 4:00, which means the staff separation is a lie. The claimant alleges this as an act of corruption.

**II. RULES AND REFERENCES**

**A. CONTROLLING AUTHORITY**

Title 15, Section 3343, "Conditions of Segregated Housing"

## B. DOCUMENTS CONSIDERED

CDCR-602 Inmate/Parolee Appeal Log #00000000061976

## III. REASONING AND DECISION

The claimant is alleging the staff separation is an act of corruption. The separation alert was not processed until the date of the alleged encounter. It is likely the officer was not notified of the whereabouts of the claimant until after the date the officer worked in the housing unit. The reviewer contacted the unit lieutenant who has forwarded the information to the personnel assignments unit to ensure the officer does not work in any unit where the claimant is housed. The claimant's current housing is segregated housing, which is where he was prior to the separation alert. The claimant is afforded the same opportunity to all the same programs and services in his current housing unit as he would be afforded in any segregated housing unit.  The basis for this claim has already been answered in multiple other appeal claims located in the claimants grievance file.  The staff separation alert is a direct result of the claimants violent and dangerous actions directed at correctional staff which he is being criminally charged for.  Based on the lack of evidence to support the claims of the separation alert being utilized as corruption, it is recommended that the claim be disapproved.

## Decision: Disapproved

After a thorough review of all documents and evidence presented at the Office of Grievances Level, it is the order of the Office of Grievance to DISAPPROVE the claim.

If you are dissatisfied with the decision of this claim, you may file a 602-2, appeal with the California Department of Corrections and Rehabilitation Office of Appeals.

| J. Lynch [LYJE001] | Warden | 01/15/2021 |

EXHIBIT D

602 Appcal



STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | | 101764 | |
| | | FOR STAFF USE ONLY | |

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available.   See California Code of Regulations (CCR), Title 15, Section 3084.1.  You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal.  If additional space is needed, only one CDCR Form 602-A will be accepted.  Refer to CCR 3084 for further guidance with the appeal process.  No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.          **WRITE, PRINT, or TYPE CLEARLY** in black or blue ink.

| Name (Last, First): Danili, Brant | CDC Number: J-85968 | Unit/Cell Number: A1-111 | Assignment: |
|---|---|---|---|

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):
" Misconduct & Torture that are unethical "

A.   Explain your issue (If you need more space, use Section A of the CDCR 602-A): ON 3-21-21, I was just informed by a c/o on 3rd/w who hed no receron to come into A1 — or my cell just to lie to me! He told me the truth & confirmed retaliation & torture! (See 602A)

B.   Action requested (If you need more space, use Section B of the CDCR 602-A): (1) To be moved out of csp sac immediately (2) to be moved out of all mental health units & away from all Mental Health T/m° (3) to be compensated for every day in PSU (4) For all involved to be fired §§

Supporting Documents: Refer to CCR 3084.3.
☐ Yes, I have attached supporting documents.

List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

_____   _____

_____   _____

☑ No, I have not attached any supporting documents. Reason: See/ listen to video on 3-21-21 at 7:45 pm or so. The C/o came thru B-level pocket door to A sec my cell A1-111! Several people heard this c/o too!

Inmate/Parolee Signature: Brant Daniels   Date Submitted: 3-24-21

☐ By placing my initials in this box, I waive my right to receive an interview.

CSP-S@ APPEALS
MAR 25 '21 AM 10:27

STAFF USE ONLY

---

C. First Level - Staff Use Only
Staff – Check One:  Is CDCR 602-A Attached?·  ☐ Yes   ☐ No

This appeal has been:
☐ Bypassed at the First Level of Review.  Go to Section E.
☐ Rejected (See attached letter for instruction)  Date: _____  Date: _____  Date: _____  Date: _____
☐ Cancelled (See attached letter)  Date: _____
☐ Accepted at the First Level of Review.

Assigned to: _____   Title: _____   Date Assigned: _____   Date Due: _____

First Level Responder:  Complete a First Level response.  Include Interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: _____   Interview Location: _____

Your appeal issue is:  ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____
See attached letter.  If dissatisfied with First Level response, complete Section D.

Interviewer: _____   Title: _____   Signature: _____   Date completed: _____
                    (Print Name)

Reviewer: _____   Title: _____   Signature: _____
                    (Print Name)

Date received by AC: _____

| | AC Use Only<br>Date mailed/delivered to appellant ____ / ____ / ____ |
|---|---|

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 03/12)                                                                     **Side 2**

D. If you are dissatisfied with the First Level response, explain the reason below, attach supporting documents and submit to the Appeals Coordinator
for processing within 30 calendar days of receipt of response.   If you need more space, use Section D of the CDCR 602-A.

_____
_____
_____
_____
_____
_____

Inmate/Parolee Signature: _____     Date Submitted : _____

---

**E. Second Level - Staff Use Only**                 Staff – Check One: Is CDCR 602-A Attached?   ☐ Yes   ☐ No

This appeal has been:
☐ By-passed at Second Level of Review.  Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____     Date: _____     Date: _____
☐ Cancelled (See attached letter)
☐ Accepted at the Second Level of Review

Assigned to: _____ Title: _____     Date Assigned: _____     Date Due: _____

Second Level Responder: Complete a Second Level response. If an interview at the Second Level is necessary, include interviewer's name and title,
interview date and location, and complete the section below.

Date of interview: _____                    Interview Location: _____

Your appeal issue is:  ☐ Granted     ☐ Granted in Part     ☐ Denied     ☐ Other: _____

See attached letter.  If dissatisfied with Second Level response, complete Section F below.

Interviewer: _____ Title: _____     Signature: _____     Date completed : _____
                        (Print Name)

Reviewer: _____ Title: _____     Signature: _____
                        (Print Name)

Date received by AC: _____

|                                                    | **AC Use Only** <br> **Date mailed/delivered to appellant ____ / ____ / ____** |

---

F. If you are dissatisfied with the Second Level response, explain reason below; attach supporting documents and submit by mail for Third Level
Review.  It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and
Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001. If you need more space, use Section F of the CDCR 602-A.

_____
_____
_____
_____
_____

Inmate/Parolee Signature: _____     Date Submitted: _____

---

**G. Third Level - Staff Use Only**

This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____     Date: _____     Date: _____     Date: _____
☐ Cancelled (See attached letter)   Date: _____
☐ Accepted at the Third Level of Review.  Your appeal issue is ☐ Granted     ☐ Granted in Part   ☐ Denied   ☐ Other:
See attached Third Level response.

|                                                    | **Third Level Use Only** <br> **Date mailed/delivered to appellant ____ / ____ / ____** |

---

H. Request to Withdraw Appeal:  I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list
conditions.)

_____
_____
_____

_____ Inmate/Parolee Signature: _____     Date: _____

Print Staff Name: _____ Title: _____ Signature: _____     Date: _____

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| | IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|---|
| | | | 101764 | |

FOR STAFF USE ONLY

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.

Appeal is subject to rejection if one row of text per line is exceeded.   WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

Name (Last, First): Daniel, Brent   CDC Number: J-85969   Unit/Cell Number: A1-111   Assignment:

**A. Continuation of CDCR 602, Section A only (Explain your issue):** On 3rd/w around 9:45 Pm he came to my cell & told me, " Scraps, Lynch told all c/os ya'll never be moved outta Psu unless you confess to your Rico case! We'll continue placing real JCATS next to you, to sleep deprive you cuz Lynch says you'll heart will explode before he lets you out of Psu or you confess!" This c/o had no reason to lie and mislead me! Harrassing me & abuse of power for misconduct is Staff misconduct!! See & listen to that video for yourself & you'll see / hear exactly what was said to me!! He just told me I'm being tortured into a false confession and JCATS are always next to me to cause distress to my heart. This violates my 6th, 8th, 14th AMEND, Title 15 3341.2 + 3004, my Rights to a fair process to trial & defense! Staff misconduct that is tantamount to torture is unethical + immoral and no w/in CDCR's policies or guidelines! I get no yrd time or outta cell time! You subject me to the deranged behaviors of severely Mentally ill to cause my heart to explode & /or torture me till I confess or die! Warden Lynch personally knows I have a bad heart problem & uses Psu to cause it to give out (see section)

Inmate/Parolee Signature: Brent Daniel   Date Submitted: 8-24-21

**B. Continuation of CDCR 602, Section B only (Action requested):**

Inmate/Parolee Signature:   Date Submitted:

STAFF USE ONLY



STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**INMATE/PAROLEE APPEAL FORM ATTACHMENT**

CDCR 602-A (REV. 03/12)

Side 2

D.  Continuation of CDCR 602, Section D only (Dissatisfied with First Level response): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Inmate/Parolee Signature: _____     Date Submitted: _____

F.  Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Inmate/Parolee Signature: _____     Date Submitted: _____





**CALIFORNIA DEPARTMENT** *of*
**Corrections and Rehabilitation**

## CLAIMANT GRIEVANCE CLAIMS DECISION RESPONSE

**Re:** Grievance Claims Decision Response

**Offender Name:** DANIEL, BRANT QUENTIN          **Date:** 05/20/2021
**CDC#:** J85968

**Current Location:** SAC-STRH          **Current Area/Bed:** Z 001F1 - 170001L

**Log #:** 000000101764

---

### Claim #: 001
**Institution/Parole Region of Origin:** California State Prison, Sacramento          **Facility/Parole District of Origin:** SAC-Facility A
**Housing Area/Parole Unit of Origin:**
**Category:** General Employee Performance          **Sub-Category:** Substandard Performance

The California Department of Corrections and Rehabilitation (CDCR) Office of Grievances at SAC-Facility A received your claim on 03/25/2021.

California Code of Regulations, title 15, provides CDCR Office of Grievances 60 calendar days to complete a response.

Although 60 calendar days have passed since your claim concerning General Employee Performance;Substandard Performance was received, your claim is still under inquiry or investigation. Due to the expiration of time, this response by the Office of Grievances will be the only response.

You will be notified once the inquiry or investigation of the issue concerning your claim has been completed, but the notification will be outside of the timeframe of the Grievances and Appeals Process. You do not need to resubmit this claim to CDCR.

**Decision: Under Investigation**

---

### Claim #: 002
**Institution/Parole Region of Origin:** California State Prison, Sacramento          **Facility/Parole District of Origin:** SAC-Facility A
**Housing Area/Parole Unit of Origin:**
**Category:** Facilities          **Sub-Category:** Other Facilities Issue - NOS

#### I. CLAIM

Grievant states he is being denied yard time.

#### II. RULES AND REFERENCES

##### A. CONTROLLING AUTHORITY

DOM 53130.6.2 Group Privileges and Restrictions
CCR 3044. Inmate Work Groups and Privilege Groups.
CCR 3343. Conditions of Segregated Housing.

##### B. DOCUMENTS CONSIDERED

CDCR 602, dated 3/24/21
CDCR 114-A, dated 5/3 thru 5/9

CDCR 114-A, dated 3/13 thru 3/26

## III. REASONING AND DECISION

On 5/9/21, Sgt. R. Chan conducted an in-person interview with the Grievant in STRH. Grievant claims he should not have been housed in PSU and did not want to go to yard with EOP inmates. Sgt. Chan asked the Grievant if he was offered yard at the time of his CDCR 602 filing. Grievant responded, "Sometimes. I don't go because I don't want to get gassed by J-cats". Sgt. Chan asked if he's been received yard in STRH. Grievant responded, "Yeah".

A review of the Grievant's CDCR 114-A shows he refused yard (10) times in the two weeks prior to him filing a CDCR 602. A review of the Grievant's current CDCR 114-A shows he received yard (6) times this week. There is no evidence of the Grievant being denied yard. The Grievant was offered access to yard per policy prior to filing the grievance and choose not to accept the opportunity. Based on the information discovered during the inquiry, the claim is being disapproved.

### Decision: Disapproved

After a thorough review of all documents and evidence presented at the Office of Grievances Level, it is the order of the Office of Grievance to DISAPPROVE the claim.

If you are dissatisfied with the decision of this claim, you may file a 602-2, appeal with the California Department of Corrections and Rehabilitation Office of Appeals.

| J. Lynch [LYJE001] | Warden | 05/17/2021 |

STATE OF CALIFORNIA
**APPEAL OF GRIEVANCE**
CDCR 602-2 (03/20)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 1 of 2

| **STAFF USE ONLY** | Appeal #:_____ Date Received:_____ |
| | Date Due:_____ |
| | Categories:_____ |
| | Grievance #:  *101 164* |

Claimant Name: *Daniel*                    CDCR #: *J 85968*

Current Housing/Parole Unit: *STRH 170*   Institution/Facility/Parole Region: *CSP -SAC*

☐  There are no claims that can be appealed.

☐  The following claims cannot be appealed:

Claim #s:        *001  /  002*

**REC BY OOA**

**JUN 0 2 2021**

*This is the process to appeal the decision made regarding a claim that is not listed above.*

Claim #: *001*

Explain the reason for your appeal of any claims not listed above. Be as specific as you can.
*I am dissatisfied with the response I was given because  This is another example of corruption being covered up by CSP SAC Worden Lynch. Since filing this 602, I was moved out of PSU after 6 Mos of torture, back to the prior STRH ad seg unit ! It shows Lynch only did that to me to torture & kill me - if it was all above table, why'd he move me out of PSU then? WHY? That itself shows his corruptly sad prison. c/o Desimoine is the name of the c/o who came to my cell in A-1 on 3-21-21, and threatened me, harrassed me using my Rico case to press me into a false guilty plea! I am tortured & my Constitutional Rights 8th, 6th, 14th AMEND - My Due process Right are Grossly violated here! THAT video A1 unit A -section on 3-21-21 around 7:45 - 8:PM says exactly as I am telling you WATCH it, LISTEN to it! Stop your corrupt cover up!!*

Are there documents that would be helpful to support your position? Attach copies of those documents, if you don't have the documents, identify them as best you can below:
*My entire 602! See video & listen to what c/o Desimoine told me it's right there on 3-21-21 A1 PSU A section cell III, A1 - III. Video shows & you'll hear this corrupt cop! Get me out of CDCR I'm being tortured!*

STATE OF CALIFORNIA
**APPEAL OF GRIEVANCE**
CDCR 602-2 (03/20)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 2 of 2

Claim #: ___002___

Explain the reason for your appeal. Be as specific as you can.

*I am dissatisfied with the response I was given because* Sgt Chan shochorned My statement! For 6 Mos in PSU, I could NOT go to yard for exercise & when offered to, I would've been forced to go and be surrounded by EOP I/M who gas me w/ poop - pee - sperm, Bloody stool, etc. Warden Lynch and his corrupt admin down to c/o staff all know it! This was from OCT 26, 2020, till APr. 28, 2021. I was deprived fair access to exercise, yard free from being gassed, and who knows what else! Warden Lynch and his corrupt I's un unit used it as a TOOL- Facet in my life to try to kill me, and in hopes I am gassed with Bloody Pood and sperm to I catch disease & die!! Officers flatly told me so !! Your OWN staff told me this! You "OWN Staff !! Lynch's response I was offered & denied yrd is tantamount to staff being offered to walk by 10 GP I/m with knives & deny it!! So your excuse is hollow! SAC will deny this, cover it up cuz you are corrupt too! I'll prove it in Fed- Court!

Are there documents that would be helpful to support your position? Attach copies of those documents, if you don't have the documents, identify them as best you can below:

* See the P S U A-1 yrd sheet from 10-26-21 to 4-28-21, Not here in SPRU AFTER 4-28-21. You aint fooling Nobody, with your Falsifing documents & 602 responses! See the real Yard log for PSU Not Short term ad seg STRU unit! You aint fooling Me!

**Reminder:** Please attach all documents in your possession that support your claim(s).

Please note that this form and supporting documents will not be returned to you.

Claimant Signature: _R. Daniel_          Date Signed: 8-26-21

MAIL TO:             Office of Appeals
         Department of Corrections and Rehabilitation
                  P.O. Box 942883
                 Sacramento, CA 95811



CALIFORNIA DEPARTMENT *of*
**Corrections and Rehabilitation**

# CLAIMANT APPEAL CLAIMS DECISION RESPONSE

**Re:** Appeal Claims Decision Response

| | | |
|---|---|---|
| **Offender Name:** DANIEL, BRANT QUENTIN | **Date:** 08/02/2021 | |
| **CDC#:** J85968 | | |
| **Current Location:** SAC-STRH | **Current Area/Bed:** Z 001G1 - 174001L | |

**Log #:** 000000101764

---

### Claim #   001

**Institution/Parole Region of Origin:** California State Prison, Sacramento    **Facility/Parole District of Origin:** SAC-Facility A

**Housing Area/Parole Unit of Origin:**

**Category:** General Employee Performance    **Sub-Category:** Substandard Performance

The California Department of Corrections and Rehabilitation (CDCR) Office of Appeals has received your appeal of your claim.

Your claim is being rejected by Office of Appeals for the reason(s) indicated below.

This serves as your response by the Office of Appeals to this claim. You do not need to resubmit your appeal to CDCR.

**Decision: Rejected**

        (1.)    Your claim concerns the rules established by the grievance and appeal regulations or process and is therefore not allowed under the California Code of Regulations, title 15 , section 3487, subsection (a)(5).

---

### Claim #   002

**Institution/Parole Region of Origin:** California State Prison, Sacramento    **Facility/Parole District of Origin:** SAC-Facility A

**Housing Area/Parole Unit of Origin:**

**Category:** Facilities    **Sub-Category:** Other Facilities Issue - NOS

### I. ISSUE ON APPEAL

You are appealing the decision to disapprove your claim that you are being denied yard time.

### II. RULES AND REFERENCES

#### A. CONTROLLING AUTHORITY

Title 15, sections 3044 and 3343

#### B. DOCUMENTS CONSIDERED

Grievance/Appeal Log #101764; CDC 114-A, Inmate Segregation Records

## III. REASONING AND DECISION

As stated in the Office of Grievances' response, you were interviewed for this claim and stated you were being offered access to the yard, including while you were housed in Short Term Restricted Housing; however, sometimes you refuse to go due to your concerns with other offenders on the yard. Additionally, records indicate you refused yard on ten occasions during the two weeks before you submitted this claim and six times during the week of the Office of Grievances' review. No documentation indicates staff violated applicable regulations or policies regarding your access to the yard. Because the Office of Grievances' decision was proper, this claim is denied.

## IV. REMEDY

Your claim has been denied. Therefore, there is no applicable remedy.

## Decision: Denied

After a thorough review of all documents and evidence available at the time of this written decision, it is the order of the Office of Appeals that this claim is denied. This decision exhausts the administrative remedies available to the claimant within CDCR.

| H. Moseley [MOHO002] | Chief | 08/01/2021 |

EXHiBit E

BoGus - Falsified
115 Write up



**CALIFORNIA DEPARTMENT** *of*
**Corrections and Rehabilitation**

# RULES VIOLATION REPORT

| CDC NUMBER J85968 | INMATE'S NAME DANIEL, BRANT Q. | MEPD 12/17/2054 | FACILITY SAC-STRH | HOUSING LOCATION ,SAC-Z – Z 001H1 – 197001L |
|---|---|---|---|---|
| VIOLATION DATE 10/07/2020 | VIOLATION TIME 09:50:00 | VIOLATION LOCATION SAC-STRH - CELL | | WITH STG NEXUS , No |

Did the reporting employee ensure the inmate understands (to the best of his/her ability) the consequences of the continued misconduct? N/A

Did the reporting employee take into consideration the severity of the inmate's disability and the need for adaptive support services when determining the method of discipline? N/A

CIRCUMSTANCES OF VIOLATION

On October 7, 2020, while working position as Investigative Services Unit 8 Officer, (POST ID 214058), I received reliable confidential information per California Code of Regulations (CCR), Title 15, Section 3321 (c) (4); divulging the location of an inmate manufactured weapon located inside of the mattress of inmate Brant DANIEL (J85968), (Refer to Confidential CDCR 128-B, dated October 7, 2020, for further details).

Additional confidential information received was DANIEL, a validated Aryan Brotherhood (AB) Security Threat Group-I member, was plotting to assault/murder Correctional Officer A. Arther. DANIEL was going to conduct the assault/murder on Officer A. Arther upon his return from surgery at San Joaquin General Hospital (SJGH).

After receiving this information, I immediately had DANIEL removed from his assigned cell in the Short Term Restrict Housing (STRH), cell 197 at California State Prison Sacramento (SAC). DANIEL is currently classified as single cell status.
I conducted a search for the inmate manufactured weapon. The following is a description of the photographs I took.

Photo 1 - Depicts a photo of STRH, cell 197. DANIEL is currently standing at the cell door and is visible through the cell windows.
Photo 2 – Depicts the mattress located inside of STRH, cell 197. I utilized a hand held metal-detector which emitted a beep sound indicating there was some metallic object inside. I opened the mattress and located an inmate manufactured weapon.
Photo 3 - Depicts a view of the inmate manufactured weapon. I utilized a black pen for size reference.

After I completed photographing the inmate manufactured weapon, I collected the evidence and returned back to the ISU office to further process the inmate manufactured weapon.

Photo 4 - Depicts a view of the inmate manufactured weapon on an ISU Evidence Photograph board.
Photo 5 - Depicts a close up view of the inmate manufactured weapon. The inmate manufactured weapon is approximately 6" inches in total length. The inmate manufactured weapon is cylindrical, sharpened to a point on one end, with a handle. The handle is approximately 2 inches long. The metal portion is approximately 3 inches long.

I downloaded 5 digital photographs on a CD-R and placed the inmate manufactured weapon in a sharps container. All evidence was secured inside of ISU Evidence Locker # 32.

This concludes my involvement in this incident.

| REPORTING EMPLOYEE<br>S. Ramirez | TITLE<br>ISU 8 | ASSIGNMENT<br>ISU 8 | RDO<br>S/S/H | DATE:<br>10/15/2020 |
|---|---|---|---|---|

RVR LOG NUMBER:  000000007036716          VIOLATED RULE NUMBER:  3005(d)(1)

SPECIFIC ACT:  Conspire - Murder

CLASSIFICATION

LEVEL:  Serious                          OFFENSE DIVISION:  Division A2

REFERRED TO:  Senior Hearing Officer     FELONY PROSECUTION LIKELY:  Yes

| REVIEWING SUPERVISOR<br>J. Anderson | TITLE<br>Lieutenant | DATE<br>10/15/2020 |
|---|---|---|

| CLASSIFIED BY<br>J. Anderson | TITLE<br>Lieutenant | DATE<br>10/15/2020 |
|---|---|---|

CDCR SOMS ISST120 - RULES VIOLATION REPORT

| CDCR | INCIDENT REPORT PACKAGE | PAGE: 1 |
|---|---|---|
| REPORT NO. IRTR161 - 12 | | PROCESSED: 10/19/2020 07:28 |
| | INCIDENT LOG NUMBER: 000000000013275 | REQUESTOR: L. Bales |

## INCIDENT REPORT SUMMARY

| INSTITUTION/PAROLE REGION: | SAC - California State Prison, Sacramento | |
|---|---|---|
| REPORTING FACILITY/PAROLE UNIT: | SAC-Z - SAC-STRH | |
| INCIDENT DATE: 10/07/2020 | | INCIDENT TIME: 09:50:00 |
| DISCOVERY DATE: 10/07/2020 | | DISCOVERY TIME: 09:50:00 |
| WATCH: 2nd Watch | | |

| STATUS: Closed | AS OF DATE: 10/18/2020 |
|---|---|

| CRISIS RESPONSE TEAM ACTIVATED: No | DA REFERRAL ELIGIBLE: Yes |
|---|---|
| AREA/LOCATION: CELL | HOUSING PROGRAM ASSIGNMENT: General Population |
| ASU YARD TYPE: Not Applicable | |
| VIDEO SURVEILLANCE OF INCIDENT: Not Applicable | |

| INCIDENT CATEGORY | INCIDENT TYPE |
|---|---|
| Felony | Conspiracy to Commit Felony Within Jurisdiction of Inst. |

### SYNOPSIS

On Wednesday, October 07, 2020 inmate DANIEL (J85968) was in violation of California Code of Regulations Title 15, Section 3005 (d)(1), conspiracy to commit murder of a peace officer.

### IMMEDIATE NOTIFICATIONS

NONE

| DOJ REPORTABLE: Not Applicable | |
|---|---|
| HIGH PROFILE INCIDENT: No | NAME OF ASSISTING LEA: |
| MUTUAL-AID/LEA: Not Applicable | |
| MAJOR MEDIA ATTENTION: No | NAME OF MEDIA: |

| INCIDENT STG NEXUS: No | | |
|---|---|---|
| STG NAME | STG SET | STG SUBSET |
| NONE | | |

| STG NOT LISTED |
|---|
| NONE |

| UNCONTROLLED WEAPONS | QUANTITY |
|---|---|
| Commercial Stabbing Instrument | 1 |

| CONTROLLED SUBSTANCES | QUANTITY | QUANTITY TYPE |
|---|---|---|
| Not Applicable | 0 | |

| CDCR | INCIDENT REPORT PACKAGE | PAGE: 2 |
|---|---|---|
| REPORT NO. IRTR161 - 12 | INCIDENT LOG NUMBER: 000000000013275 | PROCESSED: 10/19/2020 07:28<br>REQUESTOR: L. Bales |

## STAFF INVOLVED

| ASSIGNED INSTITUTION/PAROLE REGION: SAC – California State Prison, Sacramento<br>ASSIGNED FACILITY/PAROLE UNIT: SAC-S – SAC-Central Service | STAFF NAME: Anderson<br>TITLE: Sergeant<br>STAFF TYPE: Peace Officer |
|---|---|

POST DESCRIPTION: 210341 S ISU 1 SGT

CELL FRONT USE OF FORCE: Not Applicable

### INVOLVEMENT TYPE
Incident Commander

| TYPE OF FORCE USED BY<br>REPORTING STAFF | NUMBER OF SHOTS<br>FIRED/DEPLOYMENTS/STRIKES | REPORTABLE USE OF<br>FORCE RESULT |
|---|---|---|
| Not Applicable | | |

| REPORTABLE INJURY | INJURY LOCATION | SBI TYPE |
|---|---|---|
| Not Applicable | | |

### DESCRIPTION OF INJURY
NONE

| TREATMENT: | LOCATION CARE PROVIDED: |
|---|---|

| REPORTABLE DEATH: Not Applicable | MANNER OF DEATH: |
|---|---|
| DATE OF DEATH: | |

### STAFF VEHICLE INVOLVED

| STAFF VEHICLE INVOLVED: Not Applicable | PLATE #: |
|---|---|
| VEHICLE TYPE: Not Applicable | VEHICLE YEAR: |
| MAKE: | MODEL: |
| COLOR: | |

| CDCR | **INCIDENT REPORT PACKAGE** | **PAGE:** 3 |
|---|---|---|
| **REPORT NO. IRTR161 - 12** | **INCIDENT LOG NUMBER: 000000000013275** | **PROCESSED:** 10/19/2020 07:28<br>**REQUESTOR:** L. Bales |

## STAFF INVOLVED

**ASSIGNED INSTITUTION/PAROLE REGION:** SAC - California State Prison, Sacramento

**ASSIGNED FACILITY/PAROLE UNIT:** SAC-S - SAC-Central Service

**STAFF NAME:** Ramirez,

**TITLE:** Officer

**STAFF TYPE:** Peace Officer

**POST DESCRIPTION:** 214058 S ISU 8

**CELL FRONT USE OF FORCE:** Not Applicable

## INVOLVEMENT TYPE

Evidence

Primary

| TYPE OF FORCE USED BY<br>REPORTING STAFF | NUMBER OF SHOTS<br>FIRED/DEPLOYMENTS/STRIKES | REPORTABLE USE OF<br>FORCE RESULT |
|---|---|---|
| Not Applicable | | |

| REPORTABLE INJURY | INJURY LOCATION | SBI TYPE |
|---|---|---|
| Not Applicable | | |

## DESCRIPTION OF INJURY

NONE

**TREATMENT:**                    **LOCATION CARE PROVIDED:**

**REPORTABLE DEATH:** Not Applicable                    **MANNER OF DEATH:**

**DATE OF DEATH:**

## STAFF VEHICLE INVOLVED

**STAFF VEHICLE INVOLVED:** Not Applicable                    **PLATE #:**

**VEHICLE TYPE:** Not Applicable                    **VEHICLE YEAR:**

**MAKE:**                    **MODEL:**

**COLOR:**

| | | | |
|---|---|---|---|
| CDCR | **INCIDENT REPORT PACKAGE** | **PAGE:** | 4 |
| **REPORT NO. IRTR161 - 12** | | **PROCESSED:** 10/19/2020 07:28 | |
| | **INCIDENT LOG NUMBER: 000000000013275** | **REQUESTOR:** L. Bales | |

## OFFENDER INVOLVED

| | |
|---|---|
| **CDC #:** J85968 | **OFFENDER NAME:** DANIEL, BRANT Q. |
| **MENTAL HEALTH CODE:** GP  - General Population | **DDP CODE:** NCF |
| **DPPV CODE:** DLT/.../.../.../... | **GENDER:** Male |
| **RACE:** White | **ETHNICITY:** White |
| **CONTROL DATE:** 12/17/2054 | **TYPE:** MEPD |
| **INVOLVEMENT TYPE:** Suspect | **RVR LOG #:** 000000007036716 |
| **VIOLENCE TYPE:** Not Applicable | |
| **EXTRACTION:** Not Applicable | |

| | |
|---|---|
| **SECURITY LEVEL:** Level 4 | **PLACEMENT SCORE:** 383 |
| **HOUSING PROGRAM:** Short Term Restricted Housing | **CUSTODY CLASSIFICATION:** Maximum |

**CONTROLLED WEAPONS**

Inmate Manufactured Stabbing Instrument

| **REPORTABLE INJURY** | **INJURY LOCATION** | **SBI TYPE** |
|---|---|---|
| Not Applicable | | |

**DESCRIPTION OF INJURY**

NONE

| **TREATMENT:** | **LOCATION CARE PROVIDED:** |
|---|---|

| **REPORTABLE DEATH:** Not Applicable | **MANNER OF DEATH:** |
|---|---|
| **DATE OF DEATH:** | |

| **VIDEO INTERVIEW:** Not Applicable | **VIDEO INTERVIEW W/ 48 HOURS:** |
|---|---|
| **VIDEO FOLLOWED POLICY:** Not Applicable | |

**ARREST**

| | |
|---|---|
| **ARRESTED NEW/PENDING CHARGES:** Not Applicable | |
| **ARRESTING AGENCY:** | |
| **REPORT NUMBER:** | |
| **BOOKING NUMBER:** | |
| **CUSTODY LOCATION:** | |
| **OFFENSE TITLE/CODE:** | |

**STG AFFILIATIONS**

| **STG NAME** | **STG SET** | **STG SUBSET** |
|---|---|---|
| I – ARYAN BROTHERHOOD (AB) | N/A | |

**CDCR**                                    **INCIDENT REPORT PACKAGE**                    **PAGE:**   5
**REPORT NO. IRTR161 - 12**                                                               **PROCESSED:** 10/19/2020  07:28
                **INCIDENT LOG NUMBER: 000000000013275**          **REQUESTOR:** L. Bales

### STAFF NARRATIVE

**STAFF NAME:** Anderson,                             **NARRATIVE TYPE:** Initial Report
**CREATED DATE:** 10/13/2020                          **CREATED TIME:** 14:59:38

#### NARRATIVE

On Wednesday, October 7, 2020, Investigative Services Unit (ISU) Correctional Officer S. Ramirez received confidential information describing inmate DANIEL's (J85968) plan of attacking a Correctional Officer and specific location of the weapon DANIEL intended to utilize in his attack. Officer Ramirez immediately searched the specified location (DANIEL's mattress), discovering the weapon. The Inmate Manufactured Weapon (IMW) was cylindrical metal, measuring approximately six inches in length, sharpen to a point, fashioned with a handle. Officer Ramirez captured five digital photographs of the IMW, and location of discovery. The photographs were downloaded to a compact disc (CD); securing the weapon and CD into ISU evidence locker #32.
Conclusion
All appropriate staff was notified. The incident did not warrant a code one response, no alarm was initiated. No Force was used. Evidence was collected, and no injuries incurred to staff. Inmate DANIEL will be charged with a Rules Violation Report for 3006 (a) "Conspiracy to Commit Murder of a Peace Officer" This matter will be referred to the Sacramento County District Attorney's office for possible felony prosecution.

D. Anderson                                                      **DATE:** 10/13/2020
_____
STAFF SIGNATURE

               **BADGE #:**    ▶                    **PERNR:**

        **NARRATIVE REVIEWED:** Yes                   **REVIEWED BY STAFF:** Stake    ▶
          **REVIEWED DATE:** 10/13/2020               **REVIEWED TIME:** 15:17:54

**CDCR**                              **INCIDENT REPORT PACKAGE**                        **PAGE:**     6
**REPORT NO. IRTR161 - 12**                                                             **PROCESSED:** 10/19/2020  07:28
                              **INCIDENT LOG NUMBER: 000000000013275**                  **REQUESTOR:** L. Bales

## STAFF NARRATIVE

| | |
|---|---|
| **STAFF NAME:** Ramirez, | **NARRATIVE TYPE:** Initial Report |
| **CREATED DATE:** 10/13/2020 | **CREATED TIME:** 11:05:55 |

### NARRATIVE

On October 7, 2020, while working position as Investigative Services Unit 8 Officer, (POST ID 214058), I received reliable confidential information per California Code of Regulations (CCR), Title 15, Section 3321 (c) (4); divulging the location of an inmate manufactured weapon located inside of the mattress of inmate Brant DANIEL (J85968), (Refer to Confidential CDCR 128-B, dated October 7, 2020, for further details).

Additional confidential information received was DANIEL, a validated Aryan Brotherhood (AB) Security Threat Group-I member, was plotting to assault/murder Correctional Officer A. Arthur. DANIEL was going to conduct the assault/murder on Officer A. Arthur upon his return from surgery at San Joaquin General Hospital (SJGH).

After receiving this information, I immediately had DANIEL removed from his assigned cell in the Short Term Restrict Housing (STRH), cell 197 at California State Prison Sacramento (SAC). DANIEL is currently classified as single cell status.

I conducted a search for the inmate manufactured weapon. The following is a description of the photographs I took.

Photo 1 – Depicts a photo of STRH, cell 197. DANIEL is currently standing at the cell door and is visible through the cell windows.
Photo 2 – Depicts the mattress located inside of STRH, cell 197. I utilized a hand held metal-detector which emitted a beep sound indicating there was some metallic object inside. I opened the mattress and located an inmate manufactured weapon.
Photo 3 – Depicts a view of the inmate manufactured weapon. I utilized a black pen for size reference.

After I completed photographing the inmate manufactured weapon, I collected the evidence and returned back to the ISU office to further process the inmate manufactured weapon.

Photo 4 – Depicts a view of the inmate manufactured weapon on an ISU Evidence Photograph board.
Photo 5 – Depicts a close up view of the inmate manufactured weapon. The inmate manufactured weapon is approximately 6" inches in total length. The inmate manufactured weapon is cylindrical, sharpened to a point on one end, with a handle. The handle is approximately 2 inches long. The metal portion is approximately 3 inches long.

I downloaded 5 digital photographs on a CD-R and placed the inmate manufactured weapon in a sharps container. All evidence was secured inside of ISU Evidence Locker # 32.

This concludes my involvement in this incident.

_____
  S. Ramirez                                                    **DATE:** 10/13/2020
STAFF SIGNATURE

                          **BADGE #:**                          **PERNR:**

              **NARRATIVE REVIEWED:** Yes                **REVIEWED BY STAFF:** Anderson
                    **REVIEWED DATE:** 10/13/2020        **REVIEWED TIME:** 14:11:55

**CDCR**
**REPORT NO. IRTR161 - 12**

**INCIDENT REPORT PACKAGE**

**INCIDENT LOG NUMBER: 000000000013275**

**PAGE:** 7
**PROCESSED:** 10/19/2020 07:28
**REQUESTOR:** L. Bales

**STAFF NARRATIVE**

**STAFF NAME:** Ramirez,
**CREATED DATE:** 10/15/2020

**NARRATIVE TYPE:** Supplemental Report
**CREATED TIME:** 09:13:15

**NARRATIVE**

The correct spelling is A. Arther.

S. Ramirez
STAFF SIGNATURE

**DATE:** 10/15/2020

**BADGE #:**

**PERNR:**

**NARRATIVE REVIEWED:** Yes
**REVIEWED DATE:** 10/15/2020

**REVIEWED BY STAFF:** Andersor
**REVIEWED TIME:** 10:36:28

CDCR
REPORT NO. IRTR161 - 12

**INCIDENT REPORT PACKAGE**

**INCIDENT LOG NUMBER: 000000000013275**

PAGE:      9
**PROCESSED:** 10/19/2020  07:28
**REQUESTOR:** L. Bales

**ELECTRONIC DOCUMENT**

**DOCUMENT TYPE:** Photograph
**TITLE:** Location of discover and weapon captured by Officer Ramirez
**PREPARED BY STAFF MEMBER INVOLVED:** D. Anderson
**PAGE NUMBER:**      3

**(If document file type is supported, document will start on the next page)**

EXHIBIT F

Not Guilty

HEARING OF 115

$2-174$



**CALIFORNIA DEPARTMENT of**
**Corrections and Rehabilitation**

# DISCIPLINARY HEARING RESULTS

| Institution Name: California State Prison, Sacramento | Facility: SAC-STRH | Log Number: 000000007036716 |
|---|---|---|
| Inmate Name: DANIEL, BRANT Q. | CDC #: J85968 | Bed Number: SAC-Z - Z 001H1 - 197001L |
| TABE Score: 10.8 | MH LOC: GP | DDP Status: NCF |

## DUE PROCESS

| | |
|---|---|
| Rule Violation #: 3005(d)(1) | Specific Act: Conspire - Murder |
| Level: Serious | Offense Division: Division A2 |
| Offense Occurrence: 2nd Occurrence | |
| Violation Date: 10/07/2020 | Violation Time: 09:50:00 |
| Hearing Date: 08/12/2022 | Hearing Time: 10:00:00 |

Did a laboratory confirm the evidence tested positive for Controlled substances?: N/A

| Actions Taken | | | | |
|---|---|---|---|---|
| **Date** | **Time** | **Type/Reason** | **Staff** | **Elapsed Days** |
| 10/13/2020 | 11:18:40 | RVR Ready for Review by Supv. | S. Ramirez | 6 |
| 10/13/2020 | 14:22:25 | RVR Approved by Supervisor | D. Anderson | 6 |
| 10/14/2020 | 11:42:16 | Supplemental Report Prepared | S. Ramirez | 7 |
| 10/14/2020 | 11:44:19 | Supplemental Ready for Review | S. Ramirez | 7 |
| 10/14/2020 | 14:57:23 | Supplemental Approved by Supervisor | D. Anderson | 7 |
| 10/15/2020 | 07:32:45 | RVR Ready for Review by Supv. | S. Ramirez | 8 |
| 10/15/2020 | 07:35:57 | RVR Approved by Supervisor | J. Anderson | 8 |
| 10/15/2020 | 07:36:29 | RVR Classified | J. Anderson | 8 |
| 10/15/2020 | 09:15:56 | Notice of Pending Charges Sent to Rcds. | C. Mertz | 8 |
| 10/17/2020 | 06:42:12 | Inmate Copy Served Initial Rules Violation Report | C. Mertz | 10 |
| 10/17/2020 | 06:42:27 | Hearing Postponed | C. Mertz | 10 |

| 08/07/2021 | 14:02:30 | Inmate Copy Served Incident Report | S. Baldwin | 304 |
|---|---|---|---|---|
| 08/07/2021 | 14:07:41 | Hearing Postponement Revoked by Inmate | S. Baldwin | 304 |
| 08/07/2021 | 14:35:28 | Hearing Postponement Cleared | J. Wall | 304 |
| 08/10/2021 | 06:42:55 | IE Assigned | S. Baldwin | 307 |
| 08/28/2021 | 09:32:40 | IE Interview | D. Inman | 325 |
| 08/28/2021 | 09:36:38 | IE Report Prepared | D. Inman | 325 |
| 09/08/2021 | 11:41:32 | IE Assigned | C. Strickland | 336 |
| 09/11/2021 | 11:33:00 | Hearing Postponed | S. Baldwin | 339 |
| 04/28/2022 | 08:48:57 | Hearing Postponement Revoked by Inmate | G. Cain | 568 |
| 04/28/2022 | 10:23:10 | Hearing Postponement Cleared | G. Cain | 568 |
| 05/06/2022 | 08:49:37 | IE Assigned | G. Cain | 576 |
| 05/18/2022 | 13:24:01 | Medical Evaluation Requested | T. Calamia | 588 |
| 05/19/2022 | 07:20:21 | SA Inmate Interaction | M. Burkhart | 589 |
| 05/21/2022 | 07:03:00 | Hearing Postponed | G. Cain | 591 |
| 06/15/2022 | 08:51:54 | Hearing Postponement Revoked by Inmate | G. Cain | 616 |
| 06/15/2022 | 08:52:11 | Hearing Postponement Cleared | G. Cain | 616 |
| 07/14/2022 | 12:44:08 | IE Report Prepared | M. Corral | 645 |
| 07/14/2022 | 12:45:21 | IE Interview | M. Corral | 645 |
| 07/14/2022 | 12:52:02 | IE Report Ready for Review | M. Corral | 645 |
| 07/14/2022 | 13:01:36 | IE Report Approved By Supervisor | J. White | 645 |
| 07/14/2022 | 13:08:43 | Inmate Copy Served Investigative Report | G. Cain | 645 |

All Time Constraints Met?: No                    SHO/HO DDP Certified?: Yes

**Due Process Additional Information:**

## HEARING

⊘ Subject elected not to participate in the adjudication process by refusing to attend the hearing. An Informational Chrono was generated documenting the refusal to attend the hearing.

Ⓥ Subject was Present, in good health and ready to proceed.

**Hearing Additional Information**

---

## DISABILITY

☐ Hearing ☐ Vision ☑ Mobility ☐ Learning ☐ Developmental/Cognitive
☐ Other ☐ None

Requires Accommodation? [Yes]

### DDP Specific Information

128-C2 Reviewed? [No]

Current DDP Status Date:
02/19/2003

Did the Reporting Employee document the use of Adaptation Support(s)? [N/A]

| Adaptive Support | Contribute | How | |
|---|---|---|---|
| | | | |

| Victimization | Contribute | How | |
|---|---|---|---|
| | | | |

**Disability Additional Information:**

DANIEL was accommodated with a chair during the RVR hearing.

---

## MENTAL HEALTH ASSESSMENT

Mental Health Assessment Requested: No

Reason for Mental Health Assessment Request:

Clinical Staff Recommended Staff Assistance Assignment:  N/A

Clinical Staff determined Mental Health Symptoms strongly influenced behavior and recommended alternate documentation:  N/A

Clinical Staff determined Developmental Disability strongly influenced behavior and recommended alternate documentation:  N/A

Clinical Staff determined Mental Health Symptoms contributed to behavior:  N/A

Clinical Staff determined Developmental Disability contributed to behavior:  N/A

Clinical Staff provided information when assessing the penalties:  N/A

---

## STAFF ASSISTANT

Staff Assistant Assigned: No

Reason for assignment of Staff Assistant:

| SA Name | Date Assigned | Certified? | Meet 24 hours prior to hearing? | Present? | |
|---|---|---|---|---|---|
| | | | | | |

**Staff Assistant Additional Information:**

## INVESTIGATIVE EMPLOYEE

Investigative Employee Assigned: Yes

Reason for assignment of Investigative Employee: Housing Status;Housing Status;Housing Status

**Investigative Employee Additional Information:**

## CONFIDENTIAL INFORMATION

Confidential Information Used: No

| Confidential Document Number | Author of Confidential Document | Date of Confidential Document | Reviewed by SHO/HO | Deemed Confidential | Reason(s) Information was Deemed Confidential |
|---|---|---|---|---|---|
| | | | | | Information which, if known to inmates, would endanger the safety of person(s). Information which, if known to inmates, would jeopardize the security of the institution. Specific medical or Psychological information which, if known to inmates, would be medically or psychologically detrimental to the inmate. Information provided and classified confidential by another governmental agency. A Security Threat Group debrief report, reviewed and approved by the debriefing subject, for placement in the confidential section of the central file. |

| Confidential Document Number | Confidential Source Number | Confidential Disclosure Form Issued | Sufficient Information Disclosed | Reason(s) Deemed Reliable | |
|---|---|---|---|---|---|
| | | | | The confidential source has | |

previously provided information which has proved to be true.
☐ Other confidential sources have independently provided the same information.
☐ The information provided by the confidential source is self-incriminating.
☐ Part of the information provided by the confidential source is corroborated through investigation or by information provided by non-confidential sources.
☒ The confidential source is the victim.
☐ This source successfully completed a polygraph examination.

**Confidential Additional Information:**

## WITNESSES

Witnesses requested at Hearing

☒ Reporting Employee      ☒ Staff Assistant      ☒ Investigative Employee

☒ Other      ☒ Inmate      ☒ None

| Non-Inmate Witness(es) | | | | |
|---|---|---|---|---|
| **Name** | **Rank** | **Type** | **Granted?** | |
| **Questions Asked** | | | | |

| Inmate Witness(es) | | | | |
|---|---|---|---|---|
| **CDC#** | **Name** | **Bed** | **Granted?** | |
| **Questions Asked** | | | | |

**Witness Additional Information:**

## PLEA AND STATEMENT

**PLEA/STATEMENT:** The above circumstances were read aloud to subject and elected to plea: Not Guilty

◉ Subject declined to make a statement
◎ Subject made a statement

**Comments:**

## FINDINGS

Subject was found: [Not Guilty] based on a preponderance of evidence.

Lesser Included Charge:

Level:                                          Offense Division:

Offense Occurrence:

**Comments:**

## MENTAL HEALTH ASSESSMENT CONSIDERATION

(Documentation of opinions to be used for consideration by the hearing official and the reasoning shall be documented in this section.)

**Comments:**

## EVIDENCE

The following evidence was used to support the findings:

AVSS Available: [No]

AVSS Impact:

**Comments:**

The SHO finds DANIEL not guilty base on the lack of evidence.

## DISPOSITION

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Credit Loss | | | ▨ | ▨ | ▨ | ▨ | | |
| Confined to Quarters Days | | | ▨ | ▨ | ▨ | ▨ | | |
| Confined to Quarters Weekends | | | ▨ | ▨ | ▨ | ▨ | | |
| Disciplinary Detention | | | ▨ | ▨ | ▨ | ▨ | | |
| Privilege Group C | | | ▨ | ▨ | ▨ | ▨ | | |
| Loss of Pay | | | | | | | | |
| Canteen Privileges | | | ▨ | ▨ | ▨ | ▨ | | |
| Phone Privileges | | | ▨ | ▨ | ▨ | ▨ | | |
| Extra Duty | | | ▨ | ▨ | ▨ | ▨ | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Yard Recreation Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Day Room Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Packages Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Property Restrictions | | | ☐ | ☐ | ☐ | ☐ | | |
| Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting (Permanent Loss) | | | | | | | | |
| Loss of Family Visits | | | ☐ | ☐ | ☐ | ☐ | | |
| Permanent Loss of Family Visits | | | | | | | | |
| Trust Account Hold | | | | | | | | |
| Mandatory Drug Testing | | | | | | | | |
| IEX Control Suit | | | | | | | | |

**Counseled Regarding Misconduct:**

☑ Impose Suspended Sanctions              ☑ Reinstate Suspended Sanctions

**Sanction Mitigation Additional Information:**

(Hearing officials are required to document whether a mitigation, based on a MH-A, is appropriate and the reasoning used to arrive at their decision.)

**Comments:**

Referred to Classification Committee  ICC

For ☑ SHU Term Assessment ☑ Program Review ☑ Un-Assignment ☑ Substance Abuse Treatment

**Disposition Additional Information:**

## ENEMY CONCERNS

☐ Not Applicable
☐ Subject states he/she does not have Enemy or Safety Concerns.
☐ One or more of the inmates involved has stated there is lingering animosity towards one another. Therefore,

the SHO has entered non-confidential separation alerts for the following inmates:Based on the totality of circumstances and/or information garnered by staff, the Hearing Official has determined an enemy situation exists and ensured the below non-confidential separation alerts were entered:

## SECURITY THREAT GROUP

Security Threat Group Nexus?: No

**Security Threat Group Nexus Additional Information:**

## FINAL SECTION

| Contraband Type | Disposition | Disposition Comments | |
|---|---|---|---|
| Inmate Manufactured Weapon | Removed by Certified Vendor | Inmate Manufactured Weapons will be stored in a secured area until removed from facility grounds by an approved, certified vendor. | |

**Additional Information:**

## CREDIT RESTORATION

Subject was advised of his/her right to restoration of credits under CCR 3327, 3328, and 3329.

Subject was advised Credit Forfeiture for a Division 'A', 'B' or 'C' offense will not be restored.

At the conclusion of the hearing Subject was advised of the findings, disposition, and his/her right to appeal per CCR 3084.1.

| Hearing Official | | |
|---|---|---|
| D. Stigelmayer ✓ | TITLE: Lt | DATE: 08/12/2022 |

## FINDINGS (BY CDO)

Subject was found: Not Guilty based on a preponderance of evidence.

Lesser Included Charge:

Level:                          Offense Division:

Offense Occurrence:             CDO Summary: Affirming The Hearing Results

**Comments:**

## DISPOSITION (BY CDO)

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Credit Loss | | | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Days | | | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Weekends | | | ☐ | ☐ | ☐ | ☐ | | |
| Disciplinary Detention | | | ☐ | ☐ | ☐ | ☐ | | |
| Privilege Group C | | | ☐ | ☐ | ☐ | ☐ | | |
| Loss of Pay | | | | | | | | |
| Canteen Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Phone Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Extra Duty | | | ☐ | ☐ | ☐ | ☐ | | |
| Yard Recreation Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Day Room Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Packages Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Property Restrictions | | | ☐ | ☐ | ☐ | ☐ | | |
| Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting (Permanent Loss) | | | | | | | | |
| Loss of Family Visits | | | ☐ | ☐ | ☐ | ☐ | | |
| Permanent Loss of Family Visits | | | | | | | | |
| Trust Account Hold | | | | | | | | |

| Mandatory Drug Testing | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| IEX Control Suit | | | | | | | | |

☐ Impose Suspended Sanctions        ☐ Reinstate Suspended Sanctions

**Comments:**

---

**Chief Disciplinary Officer**

**Comments:**

---

| R. Cross ✓ | | | | | | TITLE:<br>CDO | DATE:<br>08/15/2022 |

CDCR SOMS ISST126 - DISCIPLINARY HEARING RESULTS

1  Your Name  BRANT DANIEL  J85967

2  Address  PO Box 290066

3  City, State, Zip Code  Represa, CA.

4  Telephone Number  95671

5

6  IN THE UNITED STATES DISTRICT COURT

7  EASTERN DISTRICT OF CALIFORNIA

8  Your Name,  BRANT DANIEL

9          Plaintiff,

10  vs.                    No.

11  Defendant(s),  Jeffery Lynch,

12  S. Ramirez Defendant(s).          **PROOF OF SERVICE**

    Ki Lee
13  Desimone                    /

14      I, the undersigned, hereby certify that I am over the age of eighteen years and

15  on  Feb 22, 2023          , 20 23 , I served a copy of

16  Civil Complaint & Demand For Jury Trial

17  by placing a copy in a postage paid envelope addressed to the person hereinafter listed

18  by depositing said envelope in the United States Mail:  United States District

19  Court of the East. Dist. of Calif.

20  **(List All Defendants and Addresses Served)**  501 I St, Ste 4-200

21  Sac, Calif. 95814-2322

22  I declare under penalty of perjury that the foregoing is true and correct.

23

24                          B.S. Daniel

25                          **(Signed)**

26

                    **Attachment 6**