UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANT Q. DANIEL, | No. 2:23-cv-0384 AC P |
| Plaintiff, | |
| v. | ORDER |
| JEFFERY LYNCH, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.   Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  ECF No. 5.  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  28 U.S.C. § 1915(b)(2).  These payments will be forwarded by the appropriate agency to the Clerk of

1 the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in
2 full. Id.

3     II.       <u>Statutory Screening of Prisoner Complaints</u>

4        The court is required to screen complaints brought by prisoners seeking relief against "a
5 governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).
6 The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are
7 "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]
8 monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

9        A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."
10 <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th
11 Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal
12 theories' or whose 'factual contentions are clearly baseless.'" <u>Jackson v. Arizona</u>, 885 F.2d 639,
13 640 (9th Cir. 1989) (quoting <u>Neitzke</u>, 490 U.S. at 327), <u>superseded by statute on other grounds as</u>
14 <u>stated in</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a
15 constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.
16 <u>Franklin</u>, 745 F.2d at 1227-28 (citations omitted).

17        "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the
18 claim showing that the pleader is entitled to relief,' to 'give the defendant fair notice of what the .
19 . . claim is and the grounds upon which it rests.'" <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555
20 (2007) (alteration in original) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). "Failure to
21 state a claim under § 1915A incorporates the familiar standard applied in the context of failure to
22 state a claim under Federal Rule of Civil Procedure 12(b)(6)." <u>Wilhelm v. Rotman</u>, 680 F.3d
23 1113, 1121 (9th Cir. 2012) (citations omitted). To survive dismissal for failure to state a claim, a
24 complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it
25 must contain factual allegations sufficient "to raise a right to relief above the speculative level."
26 <u>Twombly</u>, 550 U.S. at 555 (citations omitted). "[T]he pleading must contain something more . . .
27 than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of
28 ////

action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III.   Complaint

The complaint alleges that defendants Lynch, Ramirez, Lee, and Desimoine violated plaintiff's First, Eighth, and Fourteenth Amendment rights. ECF No. 1.[1]

With respect to his First Amendment retaliation claim, plaintiff alleges that Ramirez and Lee planted a weapon in his cell to transfer him from short-term restricted housing (STRH) to A1 psychiatric service unit (PSU) for the following reasons: (1) because plaintiff is a pre-trial detainee; (2) because plaintiff was a hunger striker at Pelican Bay State Prison from 2011-2013; and (3) to coerce him into confessing to his pending federal charges in the Eastern District of California. Id. at 2, 4, 8-9. Plaintiff also alleges that while he was in the PSU, Desimoine harassed, threatened, and told him that if he did not confess to his pending federal charges, he would never get out of PSU. Id. at 3, 7-8. This was all allegedly happening at Lynch's directives. Id. at 5-6.

Plaintiff's Eighth and Fourteenth Amendment claims are based on his allegations that

---

[1] Plaintiff indicates he is a pre-trial detainee because he has a pending case in the U.S. District Court for the Eastern District of California, Case No. 2:19-cr-0107-KJM. ECF No. 1 at 1. Plaintiff, however, admits that at the time of his transfer to California State Prison Sacramento (CSP SAC) he was already serving a state prison sentence. Id. at 1-2. Accordingly, his claims are evaluated as claims brought by a convicted prisoner rather than a pre-trial detainee.

confinement in the PSU for six months was cruel and unusual punishment and that his liberty interests were violated when he was placed in the PSU based on fabricated disciplinary charges that were ultimately found unsubstantiated. Id. at 2-4, 8, 11. Plaintiff alleges that Ramirez and Lee intentionally planted a weapon in his cell and falsified a disciplinary report for conspiracy to kill an officer to cause plaintiff to be transferred from STRH to PSU; the transfer occurred right after plaintiff underwent two major operations; during the six months he was kept in PSU he was subjected to conditions where inmates with severe mental health issues kicked and banged on cell doors 24/7, threw urine and feces all over their cells and the unit, impacting his recovery; Desimoine harassed and threatened that if he did not confess to his federal charges or his attorney did not win the transfer motions, he would never get out of PSU and things would get ten times worse for him; and Steele, a whistle blower, declared that plaintiff's disciplinary report was bogus and part of concerted efforts to torture and harass plaintiff and other inmates at CSP SAC. Id. at 3-5. Plaintiff also alleges that as warden of CSP SAC, Lynch, is responsible for the unlawful acts complained of because he has capacity as a policy maker and because, considering the whistle blower's disclosures, he knew what was happening and did nothing to stop it. Id. at 5-6.

### IV. Claims for Which a Response Will Be Required

#### A. Eighth Amendment Conditions of Confinement

"[E]xtreme deprivations are required to make out a conditions-of-confinement claim. Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Hudson v. McMillian, 503 U.S. 1, 8-9 (1992) (internal citations and quotation marks omitted).

Given plaintiff's allegations regarding when and how he ended up in PSU, the conditions in PSU, and the six-month timeframe he was held there, plaintiff has sufficiently alleged cognizable Eighth Amendment claims against Ramirez, Lee, and Desimoine.[2] See Anderson v. County of Kern, 45 F.3d 1310, 1314 (9th Cir. 1995) ("subjection of a prisoner to lack of

---

[2] Desimoine's statements to plaintiff support an inference that he was involved in plaintiff's placement and retention in the PSU.

sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment" (citations omitted)); Keenan v. Hall, 83 F.3d 1083, 1090 (9th Cir. 1996) (allegations "that at all times of day and night inmates were 'screaming, wailing, crying, singing and yelling,' often in groups, and that there was a 'constant, loud banging'" stated claim under Eighth Amendment). Accordingly, Ramirez, Lee, and Desimoine will be required to respond if plaintiff decides to proceed without amending the complaint.

Plaintiff also alleges a cognizable claim of deliberate indifference against Lynch. Not only do the allegations demonstrate that Lynch acquiesced in the unconstitutional conduct of his subordinates and did nothing to protect plaintiff from the officers' unlawful conduct, but he grievance attached to and thus incorporated into the complaint alleges that Lynch explicitly stated that the purpose of putting plaintiff in the PSU was to deprive him of sleep and that plaintiff would not be removed from the PSU until he confessed or his heart exploded. ECF No. 1 at 61. If plaintiff decides to proceed without amending the complaint, Lynch will be required to respond to this claim.

V. Failure to State a Claim

A. First Amendment Retaliation

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted). A prison transfer may constitute an adverse action. See id. at 568 (recognizing an arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault as retaliation for filing inmate grievances); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (finding that a retaliatory prison transfer and double-cell status can constitute a cause of action for retaliation under the First Amendment).

Being a pre-trial detainee and refusing to falsely confess are not protected forms of conduct under the First Amendment, and therefore plaintiff's claims on these bases fail. As for

his participation in a hunger strike, although such activity can, in some circumstances, constitute activity protected by the First Amendment, plaintiff has not alleged facts showing that any of the defendants knew about his participation in a hunger strike at a different facility that took place over a decade ago or that it motivated their conduct. Plaintiff therefore has not stated a retaliation claim against any defendant on this basis. Accordingly, plaintiff has failed to state First Amendment retaliation claims any defendant.

### B. Fourteenth Amendment

#### i. False Disciplinary Reports

To the extent plaintiff is attempting to allege a due process claim based on the falsified charges brought against him, false statements by a correctional officer do not violate an inmate's constitutional rights and cannot, based on alleged falsity alone, support a claim under 28 U.S.C. § 1983. See Hines v. Gomez, 108 F.3d 265, 268 (9th Cir. 1997) ("[T]here are no procedural safeguards protecting a prisoner from false retaliatory accusations.").

#### ii. Administrative Segregation

To the extent plaintiff is attempting to allege a due process claim based on administrative segregation, he fails to do so. "Administrative segregation" is a catch-all phrase for any form of non-punitive segregation to protect a prisoner from other inmates, protect others from the segregated prisoner, or pending disciplinary charges, transfer, or re-classification. See Hewitt v. Helms, 459 U.S. 460, 468 (1983), abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). When a prisoner is placed in administrative segregation, prison officials must, within a reasonable time after the prisoner's placement, conduct an informal, non-adversary review of the evidence justifying the decision to segregate the prisoner pending completion of an investigation. Id. at 476. The prisoner must receive some notice of the charges and be given an opportunity to respond to the charges. See id. at 476.

Assuming that placement in the PSU was equivalent to placement in administrative segregation, plaintiff does not allege that he was not provided notice of the charges or given an opportunity to respond. In fact, several documents attached to his complaint indicate the opposite. ECF No. 1 at 20 (On October 13, 2020, he was provided a "new Administrative

6

1  Segregation Unit (ASU) Placement Notice," which indicated the reason for his placement in
2  PSU—Institution Classification Unit (ICC) "acted to retain the claimant in the ASU pending
3  adjudication of RVR" dated October 7, 2020, for Conspire – Murder); Id. at 27 (On October 28,
4  2020, plaintiff appeared before the ASU ICC "who elected to retain appellant in [ASU], which
5  also houses Psychiatric Services Unit inmates, pending District Attorney referral.").

6  To the extent, if any, that plaintiff is attempting to make a substantive due process claim regarding his confinement, that claim is properly brought under the Eighth Amendment, rather than the Fourteenth Amendment and has been addressed above. See County of Sacramento v. Lewis, 523 U.S. 833, 843 (1998) ("if a constitutional claim is covered by a specific constitutional provision, such as the . . . Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process[]") (quoting United States v. Lanier, 520 U.S. 259, 272, n.7 (1997)).

VI.  Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state cognizable claims against Ramirez, Lee, Desimoine, or Lynch under the First or Fourteenth Amendments. However, it appears that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend the complaint if he desires. Plaintiff may proceed forthwith to serve defendants Ramirez, Lee, Desimoine, and Lynch on his Eighth Amendment claims or he may delay serving any defendant and amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his Eighth Amendment claims against defendants Ramirez, Lee, Desimoine, and Lynch without amending the complaint, the court will proceed to serve the complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of plaintiff's First and Fourteenth Amendment claims against Ramirez, Lee, Desimoine, and Lynch.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode,

423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading to make his amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, generally, an amended complaint supersedes any prior complaints.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal).  Once plaintiff files an amended complaint, any previous complaints no longer serve any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VII.     Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted.  That means you do not have to pay the entire filing fee now.  You will pay it over time, out of your trust account.

Some of the allegations in the complaint state claims against the defendants and some do not.  At this point, you have stated Eighth Amendment claims against Ramirez, Lee, Desimoine, and Lynch, but have not stated First Amendment retaliation or Fourteenth Amendment due process claims against any of them.  To allege a First Amendment retaliation claim you must assert that a defendant took some adverse action against you because of protected conduct you engaged in, not just any conduct.  To allege a Fourteenth Amendment due process claim you must identify the process you were owed based on the deprivation and identify what part or parts of the process you were denied.  To the extent your due process claim is based on the conditions of your

8

confinement rather than the procedures you believe defendants should have followed, you have already stated this claim under the Eighth Amendment.

You have a choice to make. You may *either* (1) proceed immediately on your Eighth Amendment claims against Ramirez, Lee, Desimoine, and Lynch and voluntarily dismiss the other claims *or* (2) try to amend the complaint. If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice your First and Fourteenth Amendment claims against Ramirez, Lee, Desimoine, and Lynch. If you choose to file an amended complaint, it must include all claims you want to bring. Once an amended complaint is filed, the court will not look at any information in the original complaint. **Any claims and information not in the first amended complaint will not be considered.** You must complete the attached notification showing what you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for defendants to be served).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 5) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff's claims against defendants Ramirez, Lee, Desimoine, and Lynch under the First and Fourteenth Amendment do not state claims for which relief can be granted.

4. Plaintiff has the option to proceed immediately on his Eighth Amendment claims against defendants Ramirez, Lee, Desimoine, and Lynch as set forth in Section IV above, or to amend the complaint.

5. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend

dismissal without prejudice of plaintiff's First and Fourteenth Amendment claims against Ramirez, Lee, Desimoine, and Lynch.

DATED: September 20, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANT Q. DANIEL,<br><br>           Plaintiff,<br><br>     v.<br><br>JEFFERY LYNCH, et al.,<br><br>           Defendants. | No.  2:23-cv-0384 AC P<br><br><br>NOTICE OF ELECTION |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his Eighth Amendment claims against defendants Ramirez, Lee, Desimoine, and Lynch without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice his First and Fourteenth Amendment claims against Ramirez, Lee, Desimoine, and Lynch pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                                                                    _____
                                                                    Brant Q. Daniel
                                                                    Plaintiff pro se

1