UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANT Q. DANIEL, | No. 2:23-cv-0384 AC P |
| Plaintiff, | |
| v. | ORDER |
| JEFFREY LYNCH, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding in an action brought under 42 U.S.C. § 1983 without an attorney.

Plaintiff has requested appointment of counsel. ECF No. 19. Plaintiff claims he needs counsel because he (1) cannot afford one, (2) has been unable to find counsel to represent him, (3) has stated a cognizable constitutional claim that are complex because the violations occurred during the pendency of his federal racketeering case, (5) is indigent, (6) has only a high school level education, (7) has no legal training, and (8) has been in solitary confinement for nine years and has very limited access to discovery and legal materials. Id. at 1-2, 4-6.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d

1

1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. Plaintiff has been able to articulate his claims without counsel and the cognizable Eighth Amendment claims based on conditions of confinement are not complex, despite plaintiff's attempt to frame them as such. Additionally, all other asserted bases, such as indigency, inability to retain counsel, lack of legal education, limited access to documents, and limited law library access, are all circumstances common to most prisoners.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 19) is denied.

DATED: February 6, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE