UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANT Q. DANIEL, | No. 2:23-cv-0384 AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| JEFFREY LYNCH, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding in an action brought under 42 U.S.C. § 1983 without an attorney. Pending before the court are plaintiff's motions for pretrial transfer and for appointment of counsel. ECF No. 28, 33. For the reasons discussed below, the undersigned denies the motion for appointment of counsel and recommends that the motion for transfer be denied.

   I.   Motion for Pretrial Transfer (ECF No. 28)

      A.   The Motion

Plaintiff seeks an order from the court transferring him "to a more suitable hold facility so that he can 'prepare for a jury trial' in this matter." Id. at 1. Plaintiff complains that since his transfer to the United States Penitentiary Victorville ("Victorville"), he has no access to the law library, no ability to prepare his case, and his mail is delayed by sixty-days. Id. 1-2. In support of his motion, plaintiff attaches evidence of his requests for access to the law library and responses

indicating there is no law library or no law library during lockdown, and that the computer is not working and has been broken for six months. Id. at 3-5.

In response, defendants argue that (1) Victorville states plaintiff does have access to the law library but has not requested access; (2) Victorville is investigating the mail issue; and (3) plaintiff's motion should be denied because the court lacks jurisdiction to transfer plaintiff from federal to state custody, defendants lack authority to compel the Board of Prisons ("BOP") to transfer Plaintiff or take any action regarding the conditions complained of, and the court lacks jurisdiction over plaintiff's custodian, non-party BOP. ECF No. 30.

In reply, plaintiff complains that his court mail is being processed as regular mail and that he only gets a copy, not the original; due to the nature of his highly restrictive custody and the frequent lockdowns, it is difficult for him to attend the law library; he has to find paper and borrow pens to write his filings; his "legal books, legal copies etc were sent home by CDCR and BOP"; he is "stripped of anything that would help him better represent his case"; he does not have a copy of his complaint in this case; and his disability aids were confiscated affecting his ability to walk. Id. at 1-3. Plaintiff asserts that this court has jurisdiction to do as it sees fit, which includes transferring him to a facility closer to the court to prep for trial. Id. at 4.

Whether construed as a motion for preliminary injunctive relief or for an order under the All Writs Act, the motion for transfer should be denied.

### B. Preliminary Injunctive Relief

#### 1. Standards

A plaintiff seeking a preliminary injunction must establish (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted). Mandatory preliminary injunctions, as opposed to those which preserve the status quo, are "particularly disfavored" and "the district court should deny such relief unless the facts and law clearly favor the moving party." Stanley v. Univ. of S. Calif., 13 F.3d 1313, 1320 (9th Cir. 1994) (citation and internal quotation marks omitted.

2. <u>Relief is Unavailable</u>

Preliminary injunctive relief in the form of a transfer is unavailable, for several reasons. First, there is no nexus between the substance of the claims raised in the underlying complaint (involving conditions of plaintiff's previous confinement at CSP Sacramento) and the claims presented in the motion for preliminary relief (current access to legal library resources and timely mail at Victorville). See <u>Pacific Radiation Oncology, LLC v. Queen's Med. Ctr.</u>, 810 F.3d 631, 636 (9th Cir. 2015) (absent such nexus, the district court lacks authority to grant injunctive relief).

Second, the court lacks personal and subject matter jurisdiction over the BOP officials responsible for plaintiff's location and present conditions of confinement. A "federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." <u>Zepeda v. INS</u>, 753 F.2d 719, 727 (9th Cir. 1983). Plaintiff's current custodian is not a party to this lawsuit, so the court lacks jurisdiction over that custodian cannot issue the requested injunction.

Third, to the extent plaintiff seeks transfer to a different federal facility, relief is unavailable because he does not have a right to be incarcerated at a particular correctional facility or to be transferred from one facility to another. <u>Meachum v. Fano</u>, 427 U.S. 215, 224-25 (1976); <u>McCune v. Lile</u>, 536 U.S. 24, 38 (2002). To the extent he seeks return to state custody, the court lacks authority the court lacks authority to make such an order. Any attempt by the judicial branch to transfer a plaintiff from the custody of one sovereign to another violates the "fundamental principles of comity and separation of powers." <u>United States v. Warren</u>, 610 F.2d 680, 684 (1980). Under the doctrine of comity, the sovereign with priority of jurisdiction over the prisoner "may elect to relinquish" priority jurisdiction, but this discretion "is an executive, and not a judicial, function." <u>Id.</u> at 684-85 (citing <u>Ponzi v. Fessenden</u>, 258 U.S. 254, 261-62 (1922) and <u>Strand v. Schmittroth</u>, 251 F.2d 590, 609 (9th Cir. 1957)). "In the federal system, the 'power and discretion' to practice comity is vested in the Attorney General." <u>Id.</u> If plaintiff believes the Attorney General "abuse[d] his discretion in practicing comity, the proper remedy would be a

////

3

writ of habeas corpus, a writ of mandamus, or by an action under 42 U.S.C. § 1983." Warren, 610 F.2d at 685.

Because neither the law nor the facts favor plaintiff, he cannot meet the exacting standard for an preliminary injunction.

### C. All Writs Act

#### 1. Standards

The All Writs Act, 28 U.S.C. § 1651, permits federal courts to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." The power conferred by the Act extends, under appropriate circumstances, to the issuance of orders directed to non-parties. United States v. New York Telephone Co., 434 U.S. 159, 174 (1977). However, the Act is "not a grant of plenary power to the federal courts. Rather, it is designed to aid the courts in the exercise of their jurisdiction." Plum Creek Lumber Company v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979). A party seeking the "drastic and extraordinary remedy" under the All Writs Act must establish (1) that they "have no other adequate means to attain the relief [they] desire," (2) their "right to issuance of the writ is 'clear and indisputable,'" and (3) "the writ is appropriate under the circumstances." Cheney v. United States Dist. Court, 542 U.S. 367, 381 (2004).

#### 2. Relief is Unavailable

Plaintiff is not entitled to an order for transfer under the All Writs Act because his right to a transfer is not "clear and indisputable." As noted above, there is no substantive right to be incarcerated at a particular correctional facility or to be transferred from one facility to another. See Meachum, supra. Plaintiff complains of limitations on law library access and untimely mail, which are problems endemic to the prisons and far from extraordinary. He states that he needs to be closer to the court for trial purposes, but it remains to be seen whether this case will proceed to trial. Without clear entitlement to the relief he seeks, plaintiff cannot meet the high standard for relief under the All Writs Act.

Moreover, other means to attain relief exist in the form of internal prison grievance procedures and independent litigation to challenge any interference that rises to the level of a

1  constitutional violation. That these remedial options are neither swift nor satisfactory to plaintiff
2  is not a circumstance warranting the "drastic and extraordinary remedy" of a writ.
3      Finally, and most fundamentally, the circumstances plaintiff complains of are not
4  impairing the court's exercise of its jurisdiction. See Plum Creek Lumber, 608 F.2d at 1289.
5  Accordingly, the All Writs Act does not provide a basis for the order that plaintiff seeks. The
6  motion for transfer should be denied.
7      II.    Motion for Appointment of Counsel (ECF No. 33)
8      Shortly after defendants filed a motion for summary judgment, ECF No. 31, plaintiff filed
9  a motion asking the court to appoint counsel. ECF No. 33. Plaintiff claims appointment of
10 counsel is necessary because frequent lockdowns prevent him from accessing the law library,
11 BOP Victorville does not provide him with paper and pens, and because he is awaiting transfer.
12 Id. at 1-2.[1]
13     District courts lack authority to require counsel to represent indigent prisoners in section
14 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional
15 circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28
16 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.
17 Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional
18 circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as
19 well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the
20 legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not
21 abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional
22 circumstances is on the plaintiff. Id. Circumstances common to most prisoners, do not establish

---

[1] Plaintiff also complains that his "legal mail" is being opened and processed as regular mail. ECF No. 33 at 1. Other filings suggests that the "legal mail" he complains is being opened is mail from opposing counsel and/or the court. See ECF Nos. 32, 34. Plaintiff is informed that mail from the court and/or opposing counsel is not "legal mail." Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1211 (9th Cir. 2017) ("Mail from the courts, as contrasted from mail from a prisoner's lawyer, is not legal mail."). Also, to the extent he seeks relief for any violation regarding his legal mail, he must file a separate action. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (unrelated claims against different defendants must be pursued in separate lawsuits).

exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. Limited access to writing materials and the law library, and potential transfers are not exceptional circumstances warranting appointment of counsel. Accordingly, plaintiff's motion for appointment of counsel is denied.

To the extent plaintiff seeks expanded access to the law library in order to oppose summary judgement, there is no "abstract, freestanding right to a law library or legal assistance." Lewis v. Casey, 518 U.S. 343, 351 (1996). Instead, prisoners have a constitutional right of access to the courts, Lewis v. Casey, 518 U.S. 343, 346 (1996), which requires prison authorities to provide them with adequate law libraries or other resources to present a grievance to the court. Bounds v. Smith, 430 U.S. 817, 828 (1977). The right of access to courts is not a right "to discover grievances and litigate effectively once in court." Id. at 354. It is the capability of filing suit "that is the touchstone" of the right to access courts. Id. at 357. Accordingly, to the extent plaintiff seeks an order related to his access to the law library and/or legal resources, the request is denied. Plaintiff does not need to cite cases or law in order to respond to defendants' undisputed facts and to collect and submit evidence in support of his opposition.

In light of the difficulties plaintiff has encountered, however, he will be granted an extension of time until December 17, 2025, to file an opposition to defendants' motion for summary judgment.

## CONCLUSION

In accordance with the above, **IT IS HEREBY ORDERED** that:

1. The Clerk of the Court shall randomly assign a United States District Judge to this action;
2. Plaintiff's motion for appointment of counsel (ECF No. 33) is DENIED;
3. Plaintiff is GRANTED an extension of time until December 17, 2025, to file an opposition to defendants' motion for summary judgment.

////

1    Further, **IT IS HEREBY RECOMMENDED** that plaintiff's motion for pretrial transfer (ECF No. 28) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 3, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE